Garside, Executrix, *v.* Wolf *et al.*

No. 16,839.

GARSIDE, EXECUTRIX, *v.* WOLF ET AL.

APPEAL.—*Defective Record.—Joinder in Error.— Waiver.—Defect of Parties Appellees.—Dismissal of Appeal.*—Where a party appeals, and does not make all the opposite parties in whose favor judgment was rendered appellees therein, the record is defective, and a joinder in errors does not waive the defect, and the appeal will be dismissed, as the appellate tribunal has not the power to disturb the judgment as to some of the parties thereto without disturbing it as to all, and it has no jurisdiction to disturb it as to those who are not parties to the appeal.

From the Fayette Circuit Court.

*G. C. Florea* and *L. L. Broaddus,* for appellant.

*D. W. McKee, J. I. Little* and *H. L. Frost,* for appellees.

McCABE, C. J.—This was an action brought by appellant against William H. H. Wolf and Martha Wolf, to foreclose a mortgage on certain described real estate, executed by them to appellant to secure the payment of a promissory note. Clinton A. Sanders, Ann Sanders, Charles B. Sanders, Charles G. Wolf, Stella B. Wolf, John S. Wolf, and John Payne were also made parties defendant to said complaint on the ground that they claimed some interest in the real estate mortgaged, which claim, it was alleged, was wholly unfounded. Prayer for a foreclosure, and that all said claims be declared null and void.

Charles G. Wolf answered by a general denial, and filed a cross-complaint against appellant, setting up his interest. Margaret E. Wolf, Stella B. Wolf, and John S. Wolf, minor defendants, by their guardian *ad litem* David W. McKee, also filed a cross-complaint against appellant, setting up their interest in the real estate, and

an answer of general denial. There was also an answer to the appellant's complaint, by William H. H. Wolf and Martha Wolf in denial.

After demurrers had been overruled to said cross-complaints, issue was joined upon them. There was a trial and judgment of foreclosure against William H. H. and Martha Wolf, and that Ann and Clinton Sanders were junior lien-holders, and that Charles G., Margaret E., Stella B., and John S. Wolf had a certain interest in said real estate not subject to the mortgage foreclosed.

The appellant, being the sole plaintiff below, has made no one a party to this appeal but herself as appellant, and, as appellees, Charles G. Wolf, David W. McKee, guardian *ad litem* for Martha E. Wolf, Stella B. Wolf, and John S. Wolf, and assigns as error the overruling of the demurrers to each of said cross-complaints, and that the court erred in its finding, etc.

Appellees have moved to dismiss the appeal on the ground that the principal defendants against whom there was a judgment of foreclosure have not been made parties to this appeal.

The case of *Hunderlock* v. *Dundee Mortgage, etc., Co.,* 88 Ind. 139, is decisive of the question in support of the motion. To the same effect is *State, ex rel.,* v. *East,* 88 Ind. 602; Elliott's App. Proced., 138.

Appellant contends that joinder in error waived the defect, and cites some cases where this court has held that where a part of several co-parties appeal and fail to notify the other co-parties of such appeal, though sufficient to justify a dismissal of the appeal, yet an agreement to submit the cause to this court is a waiver of the defect. It might be a sufficient answer to that to say that there was no agreement here to submit. But this is not an appeal by a part of several co-parties, but it is a case where all the party that there was on one side of the case

Cincinnati, Indianapolis, St. Louis and Chicago R. R. Co. *v.* Grames.

is here properly as appellant, but the defect in her appeal is that she has not brought all the parties on the other side of the case, into this court, against whom judgment was rendered in the court below.

This court can not very well disturb the judgment below as to some of the parties without disturbing it as to all, and this court has no jurisdiction to disturb it as to those parties that are not parties to this appeal. Therefore joinder in error does not waive the defect.

Therefore, the appeal is dismissed, at appellant's costs.
Filed Sept. 28, 1893.