## LAUSTER ET AL. *v.* MEYERS ET AL.

[No. 21,141. Filed June 11, 1908.]

1. APPEAL.—*Parties.*—*Assignment of Errors.*—The assignment of errors constitutes the complaint on appeal; and in order to determine such case, on appeal, the Supreme Court must have jurisdiction of all the parties affected. p. 549.

2. SAME.—*Parties.*—*Drains.*—All of the remonstrators, in a ditch proceeding, in whose favor judgment was rendered, must be made appellees in the assignment of errors on appeal. p. 550.

From Jackson Circuit Court; *Joseph H. Shea,* Judge.

Drainage petition by Sarah Lena Lauster and others, against which Fred E. Meyers and others remonstrate. From a judgment for remonstrants, petitioners appeal. *Appeal dismissed.*

*D. A. Kochenour* and *Lewis & Swails,* for appellants.
*Barnes & Lewis,* for appellees.

MONKS, J.—This proceeding was brought under "an act concerning drainage," approved March 6, 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905). Such proceedings were

had that after the preliminary report, provided for in section five of said act, was filed by the drainage commissioners, the petition was dismissed by the court and judgment rendered against the petitioners for all costs and expenses, for the reason that two-thirds of the landowners affected, as shown by the preliminary report, had within twenty days after the filing of said preliminary report remonstrated in writing against the construction of the proposed improvement under said section five.

Appellees have filed a motion in this court to dismiss the appeal. One of the grounds assigned for said dismissal is that certain persons, naming them, are necessary parties to this appeal, and have not been made appellees in the assignment of errors.

The assignment of errors is the complaint in this court, and only the parties adverse to appellants in the judgment appealed from, over whom jurisdiction is acquired, are those named therein as appellees. If such adverse parties to the appeal are not made appellees in this court, the case cannot be determined upon its merits, because this court has no power to disturb the judgment without disturbing it as to all in whose favor it was rendered, and this court has no jurisdiction to disturb it as to those who are not parties to the appeal. *Kreuter* v. *English Lake Land Co.* (1902), 159 Ind. 372, and cases cited; *Ex parte Sullivan* (1900), 154 Ind. 440; *North* v. *Davisson* (1902), 157 Ind. 610; *Kuhn* v. *American Mut. Life Ins. Co.* (1903), 160 Ind. 356; *National, etc., Assn.* v. *Huntsinger* (1898), 150 Ind. 702; *Capital Nat. Bank* v. *Reid* (1900), 154 Ind. 54, 56; *McClure* v. *Shelburn Coal Co.* (1897), 147 Ind. 119; *Garside* v. *Wolfe* (1893), 135 Ind. 42; *Hunderlock* v. *Dundee Mortgage, etc., Co.* (1882), 88 Ind. 139, 141; *State, ex rel.,* v. *East* (1883), 88 Ind 602; *Big Four, etc., Assn.* v. *Olcott* (1896), 146 Ind. 176; *Hays* v. *Pugh* (1902), 158 Ind. 500, and cases cited; *Barnett* v. *Bromly Mfg. Co.* (1898), 149 Ind. 606; *Moore* v. *Ferguson*

(1904), 163 Ind. 395, 400, and cases cited; *Whisler* v. *Whisler* (1904), 162 Ind. 136, and cases cited.

It appears from the record that Mary Kuhlman, one of the persons named in said motion to dismiss, was one of the landowners affected by the construction of said ditch, as shown by the preliminary report; that she remonstrated with others in writing against the construction of the proposed improvement; that she was one of the persons in whose favor the judgment appealed from was rendered, and was therefore a party adverse to appellants in the court below, and should have been made an appellee in the assignment of error in this court. *Smith* v. *Gustin* (1907), 169 Ind. 42, and cases cited; *Kline* v. *Hagey* (1907), 169 Ind. 275, and cases cited.

As said Mary Kuhlman has not been made an appellee in the assignment of errors in this court, this case is not, under said rule, in a condition to be determined upon its merits, for the reason that the court does not have jurisdiction of said Mary Kuhlman.

The appeal is therefore dismissed.

Montgomery, J., took no part in the decision of this appeal.