## PROUGH ET AL. *v.* PROUGH ET AL.

[No. 21,615.   Filed April 1, 1910.]

1. APPEAL.—*Assignments of Errors.—Parties.—Jurisdiction.*—The assignment of errors constitutes the complaint, on appeal, and the court has no jurisdiction over a person not made a party thereto. p. 58.

2. APPEAL.—*Parties.—Drains.*—All parties to the judgment below, in a drainage case, must be made parties on appeal. p. 58.

3. APPEAL.—*Requisites.—Drains.*—Under §6143 Burns 1908, Acts 1907 p. 508, §4, the transcript on appeal, in a drainage case, must be filed within sixty days after the filing of an appeal bond, which bond must be filed with the court below within thirty days after the order approving or confirming the assessments and declaring the proposed work of drainage established, or the overruling of a motion for a new trial therein. p. 58.

4. APPEAL.—*Drains.—Parties.—Amending Assignment of Errors by Addition of, After Expiration of Time for Appeal.*—A motion to amend the assignment of errors on appeal in a drainage case, after the expiration of the statutory time for taking an appeal (§6143 Burns 1908, Acts 1907 p. 508, §4), will be overruled, the court having no jurisdiction to extend the statutory time for appeals. p. 59.

From Lagrange Circuit Court; *James S. Dodge*, Judge.

Drainage petition by Edward L. Prough and others, against which Henry Prough and others remonstrate. From a judgment for petitioners, remonstrators appeal. *Appeal dismissed.*

*Ballou & Green* and *Deahl & Deahl*, for appellants.

*Sidney K. Ganiard* and *Hanan, Ewbank & Hanan*, for appellees.

MONKS, J.—This is an appeal under section four of the drainage law of 1907 (Acts 1907 p. 508, §6143 Burns 1908) from a judgment establishing a ditch and approving and confirming the assessments made by the drainage commissioners as provided in said section.

Appellees, on March 14, 1909, filed in this court a motion to dismiss the appeal, because "one of the petitioners,

a necessary party appellee to this appeal, had not been made an appellee in the assignment of errors.''

The assignment of errors is the complaint, and this court has no jurisdiction over parties adverse to appellants in the judgment appealed from who are not named in the assignment of errors as appellees. If such adverse parties to appellants are not named in the assignment of errors as appellees in this court, the case cannot be determined on its merits, because the court has no power to disturb the judgment without disturbing it as to all in whose favor it was rendered, and this court has no power to disturb it as to those who are not parties to the appeal. *Lauster* v. *Meyers* (1908), 170 Ind. 548, and cases cited.

It appears from the record that Margaret A. Prough was one of the petitioners in said cause, that she was one of the persons in whose favor the judgment appealed from was rendered, and was therefore a party adverse to appellants in the court below and should have been made an appellee in the assignment of errors in this court. *Lauster* v. *Meyers, supra,* and cases cited. As said Margaret A. Prough has not been made an appellee in the assignment of errors in this court, this case is not, under said rule, in condition to be disposed of on its merits, for the reason that the court has no jurisdiction over the person of said Margaret A. Prough.

Appellants, however, on March 28, 1910, filed an application asking this court to make an order authorizing them to amend the assignment of errors, by inserting the name of said Margaret A. Prough as one of the appellees.

Section 6143, *supra,* under which this appeal was taken, provides that ''the order of the court approving and confirming the assessments, and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty days, to the approval of the

court or the clerk in vacation. A transcript of the record on such appeal and all bills of exceptions shall be filed in the office of the Clerk of the Supreme Court within sixty days after the filing of the appeal bond.''

It is evident that no appeal can be taken from a judgment approving and confirming the assessments, and establishing the proposed work of drainage under the drainage law of 1907, *supra*, except by complying with the requirements of section four of said act. That is, by taking an appeal and filing an appeal bond to the approval of the court or the clerk in vacation within thirty days after the rendition of such judgment, and filing a transcript of the record and all bills of exceptions in the office of the Clerk of the Supreme Court within sixty days after filing the appeal bond.

It was held by this court in the case of *Smith* v. *Biesiada* (1910), *post,* 134, that it is allowable to file a motion for a new trial in such cases, and that said thirty days does not commence to run, if such motion is filed after such judgment is rendered, until the motion for a new trial is overruled.

It appears from the record that the judgment approving and confirming the assessments, and establishing the proposed drain, was rendered on September 15, 1909; that

4. on December 7, 1909, and within thirty days after the motion for a new trial was overruled, appellants filed their appeal bond, which was approved by the court, and a transcript of the record was filed in the office of the clerk of this court on February 3, 1910, which was within sixty days after said appeal bond was filed; said sixty days, however, expired on February 5, 1910, after which time appellants were not authorized to perfect an appeal from said judgment. As the application to amend the assignment of errors, by making said Margaret A. Prough a party appellee thereto, was not made until after the time within which said appeal could be perfected by appellants under

§6143, *supra,* it is evident that this court has no jurisdiction to grant leave to make such an amendment.

This is true, because when said application was made on March 28, 1910, this court had no jurisdiction over the person of said Margaret A. Prough, and therefore no jurisdiction to determine said appeal, as held by this court in the case of *Lauster* v. *Meyers, supra,* and cases cited. To grant leave to amend said assignment of errors, as asked for, would, in effect, allow an appeal of said cause after the time had expired within which such appeal was required by the statute to be perfected.

It is evident that this court has no power to extend the time for perfecting such an appeal. Said application to amend the assignment of errors is denied.

Appellees' motion to dismiss the appeal is sustained, and the appeal is dismissed.