## DEINHART *v.* MUGG ET AL.

[No. 21,994.  Filed November 28, 1911.]

1. APPEAL.—*Parties.*—*Assignments of Errors.*—Where appellant has failed to make the party in whose favor the judgment was rendered below an appellee in his assignment of errors the court on appeal cannot disturb the judgment, since it has no jurisdiction over all the parties thereto, the assignment of errors being appellant's complaint on appeal. p. 532.
2. APPEAL.—*Dismissal.*—Where appellant has failed to make the judgment plaintiff a party on appeal, the appeal will be dismissed. p. 532.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Edward S. Rogers against John T. Mugg and others. From a judgment for plaintiff, defendant Jacob Deinhart appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Appeal dismissed.*

*Wilson & Quinn,* for appellant.
*Will M. Crockett* and *Rochester Baird,* for appellees.

MONKS, J.—One Rogers brought an action against appellant and others in the court below, and recovered judgments against them.

1. Appellant appeals from the judgment of Rogers against him, but he has failed to make Rogers a party appellee.

The assignment of errors is appellant's complaint in this court, and the only parties adverse to appellant in the judgment, over whom jurisdiction is acquired, are those named therein as appellees. If the party in whose favor the judgment is rendered is not made an appellee in this court, the case cannot be determined upon its merits, because the court has no power to disturb it as to those who are not parties to the appeal. *Lauster* v. *Meyers* (1908), 170 Ind. 548, and cases cited; Ewbank's Manual §149.

2. As Rogers has not been made a party appellee in the assignment of errors, the case is not, under the rule, in a condition to be determined on its merits, for the reason that the court does not have jurisdiction of said Rogers, the judgment plaintiff.

The appeal is therefore dismissed.