## KLOTZ *v.* SCHELLENBERGER ET AL.

[No. 21.838. Filed June 17, 1913. Rehearing denied October 16, 1913.]

1. APPEAL.—*Assignment of Errors.—Names of Parties.—Dismissal.*—The assignment of errors constitutes the complaint on appeal, and under Rule 6 of the Supreme Court, it must contain the full names of all the parties, so that where only a part of the appellants or appellees are named, and the term *et al.* is used in lieu of naming the others, a dismissal of the appeal is required. p. 289.

From Floyd Circuit Court; *William C. Utz,* Judge.

Proceeding by Henry Schellenberger and others to establish a highway in which a remonstrance was filed by Henry Klotz, and from a judgment of the circuit court dismissing his appeal from the judgment rendered therein by the board

of county commissioners, the remonstrant prosecutes this appeal. *Appeal dismissed.*

*Ewing & Roose* and *Major W. Funk,* for appellant.
*Zenor & McIntyre,* for appellees.

SPENCER, C. J.—This was a proceeding instituted by appellee Henry Schellenberger and nineteen other petitioners to have located and established a certain public highway in Harrison County. While their petition was pending before the board of commissioners of said county, appellant and two others filed a remonstrance against the establishing of the proposed road, on the ground that it would not be of public utility. Viewers were appointed to view the proposed road and reported that it would be of public utility, whereupon the board of commissioners entered its final order establishing the same. On December 8, 1908, six days after said final order was entered, appellant again appeared before the board and presented a remonstrance for damages and procured the appointment of viewers to assess and report any damages to which they might find him entitled by reason of the location of said road. A report by said viewers in favor of appellant was set aside by the board of commissioners on motion of the petitioners, and reviewers were appointed to further investigate the question of damages. This second report materially lessened the amount of damages allowed to appellant and after the board of commissioners had made a second final order establishing the highway and ordering the payment of damages as assessed, appellant appealed to the Harrison Circuit Court, from which court a change of venue was taken to the Floyd Circuit Court where the appeal was dismissed on motion of the petitioners. This action of the Floyd Circuit Court is now questioned here.

The assignment of errors is the complaint on appeal, and Rule 6 of this court requires that such assignment shall contain the full names of all the parties. In the assign-

ment of errors now before us the parties are thus 1. designated: "Henry Schellenberger, George S. Conrad, William F. Snider, et als., appellees, vs. Henry Klotz, appellant." This is clearly insufficient and requires that this appeal be dismissed. *Lauster* v. *Meyers* (1908), 170 Ind. 548, 84 N. E. 1087; *Barnett* v. *Bromley Mfg. Co.* (1898), 149 Ind. 606, 49 N. E. 160; *Duncan* v. *Alderson* (1910), 46 Ind. App. 136, 92 N. E. 5.

Appeal dismissed.

Note.—Reported in 102 N. E. 134. See, also, 2 Cyc. 985.