## GLADIEUX V. JOHNS ET AL.

[No. 9,505.　Filed June 7, 1916.]

1.　APPEAL.—*Parties.*—*Dismissal of Appeal.*—Where the holder of a mechanic's lien obtained judgment in the lower court on a cross-complaint in an action for partition, but was not made a party to the appeal by the assignment of errors in appellant's brief, the appeal will be dismissed, as the appellate court has no power to disturb a judgment unless all in whose favor it was rendered are parties to the appeal.　p. 341.

2.　APPEAL.—*Appellate Jurisdiction.*—*Objections to.*—*When not Waived.*—Appellees did not waive the question as to jurisdiction by filing a motion for time in which to file their brief where the court's record shows that the motion to dismiss was filed before the petition for time and such petition sets out that all motions to dismiss have already been filed.　p. 341.

3.　APPEAL.—*Dismissal by Court on Own Motion.*—The appellate court will dismiss a cause on its own motion where the parties necessary to a complete determination of the action are not brought into court.　p. 342.

From Allen Superior Court; *Carl Yaple*, Judge.

Action by Louis L. Gladieux against Irma Johns and others, in which certain defendants file cross-complaints. From a judgment determining the rights of the several parties in the property involved in the action, plaintiff appeals. *Appeal dismissed.*

*William C. Ryan*, for appellant.
*Leonard, Rose & Zollars*, for appellees.

McNUTT, J.—This was an action brought by appellant against appellees Johns and Johns for the partition of real estate. Appellant filed an amended complaint to which he made other parties defendants, including the New Haven Supply Company, alleging that they each, except Joseph J. Johns, had or claimed some lien on the real estate, and asked that his title be quieted as to all defendants, and for partition and the establishment of the priorities of the liens. Some of the defendants filed disclaimers, and all the others except Joseph J. Johns, hus-

band of Irma Johns, filed answers and cross-complaints, including defendant New Haven Supply Company.

The cross-complaint of Irma Johns was against appellant and her codefendants, and by it she asked to recover certain rents from appellant, who was her cotenant, and to quiet title against all codefendants, including the New Haven Supply Company.

Appellee Girardot filed a cross-complaint against appellant and Irma Johns and her husband, setting up a written lease on the real estate executed by appellant and acquiesced in by Mrs. Johns. The New Haven Supply Company filed a cross-complaint against appellant and all its codefendants, setting up a mechanic's lien against said real estate, and asking for its foreclosure. Subsequently, on motion of Mrs. Johns, the New Haven State Bank was made a defendant and it filed a cross-complaint against appellant and its codefendants, setting up a mortgage on the real estate and asking that said mortgage be declared a lien and paid out of the proceeds of sale. The issues were closed by a general denial to all the cross-complaints. The cause was submitted to the court, and the court found that appellant and Mrs. Johns were the owners of the real estate described in the amended complaint, as tenants in common; that the said bank held a mortgage, which was a first lien after payment of costs; that the New Haven Supply Company held a mechanic's lien which was next to be paid; that appellant paid some liens on the real estate, and that his cotenant, Mrs. Johns, owed him a certain sum, which was next to be paid out of her part; that appellant had kept possession of the real estate adverse to his cotenant, Mrs. Johns, and that he owed her a certain sum for rents, which was a lien on appellant's part of the real

estate; that appellant had given a written lease to cross-complainant Girardot, which was void "as between the parties to this proceeding"; that certain attorneys be paid out of the funds; that the property be sold by commissioners. The judgment of the court followed the above findings, to which appellant and said Girardot separately excepted, and each filed separate motions for a new trial, which were overruled, and exceptions reserved.

Appellant has undertaken to perfect a term time appeal, and assigns as error: (1) That the court erred in making new parties over objection of appellant after submission of the cause, and after a portion of the evidence was heard; (2) that the court erred in overruling appellant's motion for a new trial. Appellant's motion for a new trial is for the following causes: First, that the court erred in permitting new parties defendant made parties to this action after cause was submitted for trial, and a portion of the evidence heard. Said action of the court in making new parties being over the objection of the plaintiff, and to the ruling of the court permitting such parties to be made defendants at said time the plaintiff then and there excepted. Second, that the decision of the court is contrary to law. Third, that the decision of the court is not sustained by sufficient evidence.

In appellant's assignment of errors, he makes Joseph J. Johns, Irma Johns, the New Haven State Bank and said Girardot appellees. Appellees Johns and Johns, on May 5, 1916, before their time for filing brief expired, appeared specially for the purpose, and filed a motion in this court to dismiss the appeal because the New Haven Supply Company was not made an appellee. On the same day said appellees filed their petition for extension of time to file their brief, which was granted. Appellant,

by his motion for a new trial, the overruling of which he assigns as error, challenges generally the judgment of the court as being contrary to law and not being sustained by sufficient evidence, and this includes that part of the judgment in favor of the New Haven Supply Company. In the case of *Lauster* v. *Meyers* (1908), 170 Ind. 548, 84 N. E. 1087, the Supreme Court said: "The assignment of errors is the complaint in this court, and only the parties adverse to appellants in the judgment appealed from, over whom jurisdiction is acquired, are those named therein as appellees. If such adverse parties to the appeal are not made appellees in this court, the case can not be determined upon its merits, because this court has no power to disturb the judgment without disturbing it as to all in whose favor it was rendered, and this court has no jurisdiction to disturb it as to those who are not parties to the appeal." (Citing numerous authorities.)   See also *Cline* v. *Beaver* (1915), 183 Ind. 296, 108 N. E. 231, 232; *Deinhart* v. *Mugg* (1911), 176 Ind. 531, 532, 96 N. E. 467; *Garside* v. *Wolf* (1893), 135 Ind. 42, 34 N. E. 810.   Under said authorities, this court has no jurisdiction to disturb the judgment rendered in favor of the New Haven

1. Supply Company, as it is shown that said company has not been made a party to the appeal by the assignment of errors, and the appeal, therefore, must be dismissed.

Appellant contends that appellees, by filing their petition for time to file their brief, thereby appeared to the action, and waived all questions as to

2. jurisdiction. The notation by the clerk of this court on the transcript of the filing of the motion to dismiss, and the petition for an extension of time in which to file brief, shows that the motion to dismiss was filed before the petition for time, and

the petition for time sets out that all motions to dismiss had already been filed. Under these facts we hold that said appellees have not waived the question urged in their motion to dismiss, even if this were a case where such question could be waived by them. But this court will dismiss a cause on its own motion where the parties necessary to a complete determination of the action are not brought into court. *Abshire* v. *Williamson* (1897), 149 Ind. 248, 252, 48 N. E. 1027, 1028. The facts in the above case were similar to the facts in this case, and therein the court said: "Not having the power, under the facts, to decide this cause as an entirety, unless all of the necessary parties are brought into court as required by law, therefore we will not violate the well settled rule which forbids the decision of a cause in fragments, by asserting authority to make a partial decision in this case, which must be regarded as an entire and indivisible cause, but may, and properly should, dismiss the appeal on our own motion." See authorities cited, also Ewbank's Manual §150 and cases cited. Appeal dismissed.

Note.—Reported in 113 N. E. 320. See under (1) 3 C. J. 1035; 2 Cyc 785; (3) 4 C. J. 589; 3 Cyc 182.