## KEISER *v.* HOWARD.

[No. 24,897. Filed March 30, 1927.]

1. APPEAL.—*Assignment of errors must contain names of all parties to the judgment.*—Under Rule 6 of the rules of the Supreme and Appellate Courts, an assignment of errors must contain the full names of all the parties to the judgment. p. 139.

2. APPEAL.—Unless the assignment of errors contains the names of all parties affected by the judgment, the appeal will be dismissed. p. 139.

3. APPEAL.—*Insufficient assignment of errors not cured by amendment after expiration of time for appeal.*—An assignment of errors which did not contain the names of all the parties adverse to the appellant,

but merely named one party and designated the others by "et al," was insufficient, and was not cured by an amendment inserting their names, where the amendment was not asked until after the expiration of the time for filing the transcript and assigning errors.   p. 139.

4.   APPEAL.—*Granting of amendment of assignment of errors after expiration of time for appeal would not deprive appellee of right to dismissal.*—That appellant was permitted to amend his assignment of errors after time for filing transcript had expired would not defeat the right of appellee to have the appeal dismissed, where it was then ordered that the consideration of the petition to dismiss should be postponed until final hearing.    p. 139.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Proceeding for the establishment of a drain on the petition of Joseph F. Howard and others, to which Frank M. Keiser filed a remonstrance.   From a judgment establishing the drain and ordering that it be constructed, the remonstrator appeals.   *Appeal dismissed.*

*William J. Reed,* for appellant.
*Oscar B. Smith,* for appellee.

GEMMILL, C. J.—Joseph F. Howard and twenty other petitioners, on June 2, 1924, filed their petition in the Starke Circuit Court for the establishment of a certain public drain.   The petition was referred to drainage commissioners, who made a favorable report.   The appellant filed a remonstrance against the report, which remonstrance was stricken out by the court, upon motion of the petitioners.   The report of the drainage commissioners was confirmed, and the drain was established and was ordered to be constructed.

The judgment was rendered on February 7, 1925. The appellant prayed an appeal to this court.   He filed his appeal bond on February 14, 1925.   He filed his transcript of the record on appeal in the office of the clerk of this court on March 6, 1925.   He had sixty days to file the transcript after the filing of the appeal bond. §1, ch. 90, acts of 1917 (Acts 1917 p. 296), §6143 Burns'

Supp. 1921.   The assignment of errors filed on March 6, 1925, named appellees as "Joseph F. Howard et al." On April 27, 1925, the appellant filed his petition to amend the assignment of errors.   He stated therein that, in the assignment of errors, he designated the appellees as Joseph F. Howard et al., intending thereby the names of all the appellees; and he asked that he be permitted to amend the assignment of errors by setting out the names of all the appellees.   On April 29, 1925, appellee Joseph F. Howard filed a motion to dismiss the appeal for the reason that twenty petitioners, who were necessary parties, were not named as appellees.   On May 14, 1925, the petition to amend the assignment of errors was granted, and, at the same time, the consideration of the motion to dismiss the appeal was postponed until final hearing.

The assignment of errors shall contain the full names of all parties to the judgment.   Rule 6 of the Supreme Court, Ewbank's Manual (2d ed.) §126, Elliott, 1-4.  Appellate Procedure §322; *Snyder, Mayor,* v. *State, ex rel.* (1890), 124 Ind. 335, 24 N. E. 891; *Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663, 71 N. E. 46; *Town of Windfall City* v. *State, ex rel.* (1910), 174 Ind. 311, 92 N. E. 57.   The petitioners for the drain who were not named in the first assignment of errors were adverse parties to appellant and were necessary parties on appeal.   The petition to amend the assignment of errors was not filed until more than sixty days after the appeal bond was filed.   There was no valid appeal taken within the required time.   In *Brady* v. *Garrison* (1912), 178 Ind. 459, 99 N. E. 738, which was a drainage case, it was held that an appeal must be taken within the time limited by statute, and unless the transcript and assignment of errors are filed within that time, there is no cause in this court.   Unless the assignment of errors contains the names of all parties affected

by the judgment, the appeal will be dismissed. The fact that the appellant was given permission to amend the assignment of errors after the time for filing the transcript had expired, did not defeat the right of appellee, Joseph F. Howard, to have the appeal dismissed; and it was not intended that the granting of appellant's petition to amend should decide the question of dismissal of the appeal, as it was then ordered that the consideration of the petition to dismiss should be postponed.

As twenty of the petitioners for the drain who were parties to the proceeding and affected by the judgment were not named as appellees in the first assignment of errors, and as same was not amended within the time for filing it, the motion to dismiss the appeal should be sustained.

Appeal dismissed.