## Voss *v.* Balz et al.

[No. 25,992.   Filed February 3, 1932.]

James T. Walker, Henry B. Walker and Henry Kister, for appellant.

Val Nolan, E. L. Craig, Daniel H. Ortmeyer, Arthur C. Stone, Loren Kiely, Funkhouser & Funkhouser, Armstrong & Lanphar, Ollie C. Reeves, Ernest J. Crenshaw, Walton M. Wheeler, Spencer & Ensle, Emra H. Ireland, James T. Cutler, Fred P. Bamberger, T. Morton McDonald, Edward C. Craig and Vernon W. Foster, for appellees.

Per Curiam.—The appellees have filed their motion to dismiss this appeal for want of jurisdiction, the contention of the appellees being that "where the assignment of errors has omitted naming certain necessary appellees, as was done in this cause, the Supreme Court does not acquire jurisdiction over the appeal, and may not, after the expiration of the time for an appeal, permit additional appellees to be named, and such is the situation in this case."

Appellant has filed his motion to amend the assignment of errors by inserting the names of certain persons who are necessary parties to this appeal. Appellant does not question that these parties are necessary parties; nor does he question that the statutory period for taking this appeal had expired prior to the date that he filed his motion to amend the assignment of errors by adding the names of these necessary parties. As respects the omitted persons, no appeal was taken within the time allowed by law, and this court has no power to compel them to become parties. This would be a direct nullification of the statute which fixes the

time within which an appeal must be taken. This point was decided in the case of *Keiser* v. *Howard* (1927), 199 Ind. 137, 155 N. E. 707. In that case, the appellant was given permission "to amend the assignment of errors by setting out the names of all the appellees," but consideration of the motion to dismiss the appeal was postponed until final hearing. After final hearing, the appeal was dismissed with the following statement:

"The fact that the appellant was given permission to amend the assignment of errors after the time for filing the transcript had expired did not defeat the right of appellee, Joseph F. Howard, to have the appeal dismissed; and it was not intended that the granting of appellant's petition to amend should decide the question of dismissal of the appeal, as it was then ordered that the consideration of the petition to dismiss should be postponed.

"As twenty of the petitioners for the drain who were parties to the proceeding and affected by the judgment were not named as appellees in the first assignment of errors, and as same was not amended within the time for filing it, the motion to dismiss the appeal should be sustained.

"Appeal dismissed."

To the same effect is the holding in *Prough* v. *Prough* (1910), 174 Ind. 57, 91 N. E. 337, as indicated by the following excerpt:

"As the application to amend the assignment of errors, by making said Margaret A. Prough a party appellee thereto, was not made until after the time within which said appeal could be perfected by appellants under §6143, *supra,* it is evident that this court has no jurisdiction to grant leave to make such an amendment.

"This is true, because when said application was made on March 28, 1910, this court had no jurisdiction over the person of said Margaret A. Prough, and therefore no jurisdiction to determine said appeal, as held by this court in the case of *Lauster* v. *Meyers, supra,* and cases cited. To grant leave to amend said assignment of errors, as asked for,

would, in effect, allow an appeal of said cause after the time had expired within which such appeal was required by the statute to be perfected."

Since we are without power to permit appellant to amend his assignment of errors, we have presented to us the question whether, in the face of a motion to dismiss, we can entertain an appeal when we are without jurisdiction of necessary parties appellee. An examination of the cases shows an unbroken line of authority holding that this court has no power to disturb a judgment unless it has jurisdiction over all the parties in whose favor it was rendered.

"The assignment of errors is the complaint in this court, and only the parties adverse to appellants in the judgment appealed from, over whom jurisdiction is acquired, are those named therein as appellees. If such adverse parties to the appeal are not made appellees in this court, the case cannot be determined upon its merits, because this court has no power to disturb the judgment without disturbing it as to all in whose favor it was rendered, and this court has no jurisdiction to disturb it as to those who are not parties to the appeal." *Lauster* v. *Meyers* (1908), 170 Ind. 548, 84 N. E. 1087. (See Rule 6 of Supreme Court; Ewbank, Manual of Practice (2d ed.) §126; Elliott, Appellate Procedure §322; and list of cases cited under §719 Burns 1926.)

Since we are without power to disturb the judgment of the trial court by reason of our lack of jurisdiction over necessary parties appellee, and since we are without power to authorize their inclusion as parties to this appeal, it follows that the motion of appellant to amend the assignment of errors by including omitted names must be overruled, and that appellee's motion to dismiss this appeal must be sustained.

The appeal is dismissed.