STATE EX REL. PHILLIPS *v.* TAFF ET AL.

[No. 14,674.   Filed October 20, 1932.]

*George W. Miles*, for appellant.

*Harry C. Meloy, Lemen & Cooper, Curtis Marshall* and *Paul R. Schnaitter*, for appellees.

BRIDWELL, J.—Appellant filed an amended complaint in the court below, making defendants thereto Andrew M. Taff, Jr., as sheriff of Jefferson County, and State of Indiana and five other persons. Each of the defendants filed a separate demurrer to the complaint and these demurrers were each sustained by the court. Appellant refused to plead further and judgment was rendered in favor of the defendants that plaintiff (appellant) take nothing upon her amended complaint, and that defendants recover of and from the plaintiff their costs, taxed at ......... dollars. This appeal followed.

It appears from the record that the judgment herein was rendered on April 1, 1932, and that a transcript of the record with appellant's assignment of errors was filed in the office of the clerk of this court on May 18, 1932. On October 3, 1932, a motion to dismiss the appeal was filed by one Charles V. Stewart, whom the record discloses to be a party defendant to the amended complaint and one of the persons in whose favor judgment was rendered. This motion is based on the grounds that said Stewart is a necessary party appellee to this appeal, and has not been made an appellee in the assignment of errors.

The assignment of errors filed by appellant does not name the said Charles V. Stewart as a party appellee and does not mention him in any manner, but designates the parties, appellant and appellee, as follows: "The State of Indiana on the relation of Ivy Monroe Phillips, Administratrix of the Estate of Harold Mon-

roe, deceased, v. Andrew M. Taff, Jr., as sheriff of Jefferson County, and State of Indiana et al."

In the case of *Prough* v. *Prough* (1910), 174 Ind. 57, 91 N. E. 337, our Supreme Court said: "The assignment of errors is the complaint, and this court has no jurisdiction over parties adverse to appellants in the judgment appealed from who are not named in the assignment of errors as appellees. If such adverse parties to appellants are not named in the assignment of errors as appellees in this court, the case cannot be determined on its merits, because the court has no power to disturb the judgment without disturbing it as to all in whose favor it was rendered, and this court has no power to disturb it as to those who are not parties to the appeal." See also Rule 6 of Supreme and Appellate Courts; Ewbank's Manual of Practice (2d ed.), Sec. 126; Elliott, Appellate Procedure, Sec. 322; *Lauster* v. *Meyers* (1908), 170 Ind. 548, 84 N. E. 1087; *Deinhart* v. *Mugg* (1911), 176 Ind. 531, 96 N. E. 467; *Klotz* v. *Schellenberger* (1913), 180 Ind. 287, 102 N. E. 134; *Keiser* v. *Howard* (1927), 199 Ind. 137, 155 N. E. 707; *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552.

No motion or petition to amend the assignment of errors by inserting the names of the other persons in whose favor judgment against appellant was rendered has ever been filed. The time within which a valid appeal might have been perfected has expired, and because of this fact we are now without power to permit appellant to amend the assignment of errors, even if proper application requesting such action were presented. *Prough* v. *Prough, supra; Voss* v. *Balz, supra; Keiser* v. *Howard, supra.*

Since the parties to the judgment appealed from have not been made appellees in the assignment of errors in

this court, and since the assignment of errors cannot now be amended to include the necessary parties, it follows that the motion to dismiss this appeal must be sustained.

Appeal dismissed.