GEDNEY AND SONS, INC., *v.* TINNER ET AL.

[No. 14,767. Filed January 25, 1933.]

*R. R. Pyatt, Dudley & Shively* and *Walter R. Arnold,* for appellant.

*Frank B. Pattee,* for appellees.

BRIDWELL, J.—This appeal is from a judgment rendered in the court below in an action instituted by one Frank B. Pattee as plaintiff against the appellant and numerous other defendants to foreclose a lien, and to have the same declared senior to any liens or rights alleged to be claimed by the various defendants to the complaint. This appellant filed its answer in general denial to the complaint and also filed its cross-complaint making the original plaintiff, the said Frank B. Pattee, and all its co-defendants parties defendant thereto, and in said cross-complaint it asserted a lien alleged to be superior to the lien of said Pattee and the rights of all other defendants, and sought its foreclosure. An answer of general denial to this cross-complaint was filed by the said Frank B. Pattee. After the issues were closed the cause was submitted to the court for trial and upon request of appellant the court made a special finding of facts upon which it stated its conclusions of law. Appellant excepted to each conclusion. Judgment was rendered in favor of the plaintiff, Pattee, foreclosing his lien as prayed against all defendants; and, in favor of appellant foreclosing its lien against all other defendants, and holding it junior and subordinate to the lien of plaintiff. Appellant then

filed its motion for a new trial, which was overruled by the court with an exception by appellant.

The motion for a new trial was overruled on the 3rd day of June, 1932, and thereupon appellant prayed and was granted an appeal. The appeal bond was filed, and approved by the court, on June 23, 1932, said day being the 52nd judicial day of the same term of court within which judgment was rendered. On August 19, 1932, a transcript of the record and an assignment of errors was filed in this court, but the assignment of errors as filed did not contain the name of Frank B. Pattee, as an appellee. On December 3, 1932, the said Frank B. Pattee appeared specially and filed motion to dismiss this appeal for want of jurisdiction. On December 8, 1932, appellant filed its motion to amend its assignment of errors by adding thereto the name of Frank B. Pattee as a party appellee. Both of these motions were filed more than 180 days from the date of the overruling of appellant's motion for a new trial.

Appellant concedes that the said Pattee is a necessary party appellee, and that its petition to amend the assignment of errors was filed after the statutory period for taking this appeal had expired, but contends that in a "term time" appeal it is not necessary that all adverse parties to the judgment appealed from be named as appellees in the assignment of errors. We cannot sustain this contention, as we can see no distinction so far as jurisdiction over the person is concerned, between an appeal taken in term and one taken in vacation with proper notice served.

An assignment of errors is one of the requisites of any appeal. It is the appellant's complaint in this court, and this court has no jurisdiction over a party adverse to appellant in the judgment appealed from who is not named in the assignment of er-

rors as an appellee. Where, as here, such an adverse party is not named in the assignment of errors as an appellee the case cannot be determined on its merits, because this court has no power to disturb the judgment where any person in whose favor it was rendered is not made a party to the appeal. *Lauster* v. *Meyers* (1908), 170 Ind. 548, 84 N. E. 1087; *Prough* v. *Prough* (1910), 174 Ind. 57, 91 N. E. 337; *Deinhart* v. *Mugg* (1911), 176 Ind. 531, 96 N. E. 467; *Klotz* v. *Schellenberger* (1913), 180 Ind. 287, 102 N. E. 134; *Keiser* v. *Howard* (1927), 199 Ind. 137, 155 N. E. 707; *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552; *Gladieux* v. *Johns* (1916), 62 Ind. App. 338, 113 N. E. 320; *State ex rel.* v. *Taff* (1932), *ante* 127, 182 N. E. 635.

Rule six of the Supreme and Appellate courts of this state expressly provides that "the assignment of errors shall contain the full names of all parties to the judgment, and process when necessary shall issue accordingly." In the case of *Earl* v. *State* (1926), 197 Ind. 703, 151 N. E. 3, our Supreme Court said: "Rules of court are not only binding upon litigants, but the court itself as well."

Appellant's petition to amend its assignment of errors by adding thereto the name of Frank B. Pattee as a party appellee, was not filed until after more than 180 days had elapsed from the date of the overruling of its motion for a new trial, and because of such fact we are now without authority to grant such petition. In the case of *Voss* v. *Balz, supra,* the court said: "Appellant has filed his motion to amend the assignment of errors by inserting the names of certain persons who are necessary parties to this appeal. Appellant does not question that these parties are necessary parties; nor does he question that the statutory period for taking this appeal had expired

prior to the date that he filed his motion to amend the assignment of errors by adding the names of these necessary parties.

"As respects the omitted persons, no appeal was taken within the time allowed by law and this court has no power to compel them to become parties. This would be a direct nullification of the statute which fixes the time within which an appeal must be taken." See, also, *Keiser* v. *Howard, supra; State, ex rel.,* v. *Taff, supra; Polk* v. *Johnson, Rec.* (1906), 167 Ind. 548, 78 N. E. 652, 79 N. E. 491; *Prough* v. *Prough, supra.*

Under the facts disclosed by the record, we are without authority to disturb the judgment of the trial court by reason of our lack of jurisdiction over a necessary party appellee; and, for the reasons heretofore stated we have no power to authorize the inclusion of any such party, as a party to this appeal. It necessarily follows that the motion of appellant to amend the assignment of errors by adding thereto the name of Frank B. Pattee as a party appellee must be overruled, and that the motion to dismiss this appeal must be sustained. Motion to amend assignment of errors overruled; motion to dismiss appeal sustained. Appeal dismissed.

Curtis, C. J., not participating.