HOME TRUST COMPANY OF KANSAS CITY *v.* DOLLMAN.

[No. 15,164.   Filed February 18, 1936.]

*Ringolsky, Boatwright & Jacobs, C. C. Hendren, Beasley, Aikman, O'Brien & Beasley,* for appellant.

*William Jeffrey* and *Rawley & Stewart,* for appellee.

KIME, P. J.—Henry L. Dollman filed a complaint naming Robert C. Shallberg, Minnie R. Shallberg, his wife, Gus A. Shallberg and Pierson-Allen Lumber Company as defendants. He sought a personal judgment against Gus A. and Robert C. Shallberg, who had executed the two notes sued on, and foreclosure of a mortgage on certain real estate, which mortgage had been

executed by Robert C. and Minnie Shallberg, and which Dollman held by virtue of certain assignments.

The Home Trust Company was, on their motion, made a party defendant and filed its answer in general denial and a cross-complaint alleging that it was the owner of one of the notes secured by the mortgage and asserted the priority of such note as to the security of the mortgage, over the lien of the mortgage securing the notes held by Dollman and asked foreclosure. All of the parties to the action were named as defendants in the cross-complaint.

The appellee demurred to the cross-complaint, which demurrer was sustained by the court. The appellant refused to plead further and the court rendered judgment that the appellant take nothing on its cross-complaint and that the cross-defendants recover their costs and foreclosed the mortgage in favor of the appellee, and appointed a receiver for the mortgaged real estate.

The assignment of error named only Henry L. Dollman as sole appellee and is that the court erred in sustaining this demurrer.

The appellee entered a special appearance for the purpose of filing a motion to dismiss, one of the reasons being that the other parties against whom judgment was rendered have not been made parties to this appeal.

The court rendered judgment for appellee and against Robert C. Shallberg for $56,538.49 and ordered a foreclosure. Said Robert C. Shallberg is not made a party to this appeal. The rules make it necessary for all parties to the judgment to be named in the assignment of errors. Since this was not done, and the time for doing so has expired, this appeal must be dismissed. *Gedney & Son, Inc.* v. *Tinner et al.* (1933), 95 Ind. App. 544, 183 N. E. 886, and cases there cited; *State ex rel. Phillips* v. *Taff et al.* (1932), 95 Ind. App. 127, 182 N. E. 635. Appeal dismissed at cost of appellant.