LEICHT ET AL. *v.* SNOW HILL MINING CORPORATION.

[No. 15,639. Filed March 10, 1936.]

*Stanley E. Stohr,* for appellants.

*Alonzo C. Owens, Hays & Hays, A. L. Miller, John S. Taylor,* and *J. Olias Vanier,* for appellee.

CURTIS, C. J.—This is an attempted appeal from an award of the full Industrial Board.

The appellant and Doris May Harbaugh filed their claim for compensation with the Industrial Board, each alleging that she was wholly dependent upon Marion Harbaugh who died as the result of a personal injury received by him by reason of an accident arising out of and in the course of his employment by the appellee. The full board found that "At the time of his death the said Marion Harbaugh was living with his daughter, Doris May Harbaugh, fourteen years of age, who was totally dependent upon him for support. Plaintiff, Sarah Leicht, mother of the said Marion Harbaugh was not a dependent of the said Marion Harbaugh within the meaning of the Workmen's Compensation Act." The award was in accordance with the finding. From this award this appeal was prayed, the error assigned being that the award of the full board is contrary to law.

The appellee, Snow Hill Mining Corporation, has filed a motion to dismiss this appeal, the basis of which is substantially as follows: That the said Doris May Harbaugh is not named in the assignment of error as an appellee as required by law and by Rule 6 of this court, and this court has no jurisdiction over said Doris May Harbaugh whose interest in said award is adverse to the appellant's, and has no power to disturb said award because said Doris May Harbaugh in whose favor it was rendered, is not made a party to this appeal. The record shows the infirmity pointed out by the appellee and the appeal must be dismissed. The caption of the assignment of error is as follows: *"Sarah Leicht, et al. Plaintiff* v. *Snow Hill Mining Corporation."* It has long been the rule in this state that "et al" does not serve to bring any one before

the court, thus it may be deemed eliminated. See *Klotz* v. *Schellenberger et al.* (1913), 180 Ind. 287, 102 N. E. 134. This case has been cited with approval in numerous recent decisions. There is a long and uninterrupted line of decisions in both the Supreme Court and this court holding that: "The assignment of errors is the complaint in this court, and only the parties adverse to the appellants in the judgment appealed from, over whom jurisdiction is acquired, are those named therein as appellees. If such adverse parties to the appeal are not made appellees in this court, the case cannot be determined upon its merits, because this court has no power to disturb the judgment without disturbing it as to all in whose favor it was rendered, and this court has no jurisdiction to disturb it as to those who are not parties to the appeal." See *Lauster et al.* v. *Meyers et al.* (1908), 170 Ind. 548, 549, 84 N. E. 1087, and the numerous cases cited therein. See also rule 6 of this court. The following are recent cases on the point: *State ex rel. Phillips* v. *Taff et al.* (1932), 95 Ind. App. 127, 182 N. E. 635; *Gedney and Sons, Inc.* v. *Tinner et al.* (1933), 95 Ind. App. 544, 183 N. E. 886; *Haley* v. *Lawson* (1934), 99 Ind. App. 411, 192 N. E. 760; *Voss* v. *Balz et al.* (1932), 203 Ind. 221, 179 N. E. 552.

Under the above authorities it would make no difference if notice of appeal were served, as in the instant case, upon some one who was not named as appellee. Before they can be brought before the court they must be named as appellee if they are adverse to the appellant in the judgment. Certainly in the instant case Doris May Harbaugh in whose favor the entire award was made is adverse in the award to the appellant who was denied any part of the award.

Doris May Harbaugh's name appears in the body of the assignment of errors as follows: "1. That the award

of the full Industrial Board is contrary to law for which error appellant prays that the award be reversed and the compensation due for the death of Marion Harbaugh, decedent, be equally divided between the appellant and Doris May Harbaugh." But this serves only to emphasize the fact that Doris May Harbaugh should have been made a party appellee which was not done. In other words the appellant prays that the award in favor of Doris May Harbaugh be disturbed herein without bringing her before this court. It is to be noted that neither in the caption nor in the body of assignment of error in the instant case is Doris May Harbaugh named as appellee. The fact that a person is mentioned in the assignment of error as having had some connection with the litigation in some other court or as in the instant case in the Industrial Board, is not sufficient. If jurisdiction of such person is desired or necessary in this court, such person must be made a party in this court in a proper manner. The case of *Ferguson et al.* v. *Despo et al.* (1893), 8 Ind. App. 523, 34 N. E. 575, cited and relied upon by the appellant is of no aid to her nor is the case of *Modern Brotherhood of America* v. *Matkovich et al.* (1914), 56 Ind. App. 8, 104 N. E. 795, which follows the 8th Appellate, *supra,* by reason of the fact that in each of said cases the parties were clearly designated in the bodies of the respective assignments of error as appellants and appellees.

It follows that since this court does not have jurisdiction over a necessary party appellee, the motion to dismiss the appeal must be sustained which is now done. Appeal dismissed.