GARY STATE BANK *v.* GARY STATE BANK, ADMINISTRATOR ET AL.

[No. 15,452. Filed July 1, 1936.]

*Kenneth Call, E. J. Call* and *W. C. McMahan,* for appellant.

*Alexander C. Pendleton* and *Abe Hyman,* for appellees.

BRIDWELL, J.—On July 18, 1928, J. Ross Cole died intestate, leaving surviving him as his heirs, Florence A. Cole, his widow, J. Ross Cole, Jr., a minor son, and Sarah Elizabeth Cole, a minor daughter. On July 23, 1928, the Gary State Bank (appellant) was, on the application of said widow, duly appointed as administrator of the estate of J. Ross Cole, deceased; qualified as such, and entered upon the discharge of its duties in that capacity. During the course of the administration, Florence A. Cole, the widow, died intestate, leaving surviving her as her only heirs the said J. Ross Cole, Jr., and Sarah Elizabeth Cole. In due course the administrator filed inventory and appraisement of the estate, which was examined and approved by the court. Thereafter, current reports were filed on October 24, 1931; on July 2, 1932; and on March 30, 1934. Notice was given to J. Ross Cole, Jr., and Sarah Elizabeth Cole of

the filing of the report of March 30, 1934, and they filed their written objections and exceptions thereto. At the time of filing of the exceptions, J. Ross Cole, Jr., had become of age, and the court, upon suggestion of the minority of Sarah Elizabeth Cole, appointed Nella M. Hunt as guardian *ad litem* for her. Trial was had in July, 1934, and the decision taken under advisement until September 29, 1934, when the court made a general finding in writing, sustaining certain of the exceptions and objections, and entered an order in accordance with its findings, expressly reserving "jurisdiction to approve the accounting to be made" under the order entered. On November 16, 1934, the Gary State Bank tendered its resignation as administrator, which resignation was accepted by the court; and Nella M. Hunt was appointed as administratrix of the estate. She qualified as such administratrtix on November 24, 1934. On the day the resignation of the Gary State Bank was tendered and accepted, the court entered an order directing that said bank file its final report as administrator, and November 23, 1934, was fixed as the date for hearing of the report ordered filed. The report ordered was filed on said date fixed for its hearing, and, thereafter, J. Ross Cole, Jr., and Sarah Elizabeth Cole, by her guardian *ad litem,* filed objections and exceptions to said report. The report so filed asked additional allowances for services of the administrator, and for various attorneys who had rendered services for and in behalf of the estate under authority of the administrator. On November 24, 1934, the hearing was had on the issues presented by the final report, and the exceptions and objections thereto, and decision taken under advisement. On November 27, 1934, the court gave its decision on the last hearing in writing, and entered an order as follows:

"IT IS THEREFORE ORDERED that The

Gary State Bank, as Administrator, receive no further compensation for its services other than the Two Thousand ($2,000.00) Dollars heretofore allowed and paid to it; that said The Gary State Bank be allowed the sum of One Hundred ($100.00) Dollars for the services of Kenneth Call, one of its attorneys, in filing final report; that said The Gary State Bank be given no further allowance on account of attorneys' fees to Messrs. Miller and Pyatt other than the Eleven Hundred ($1100.00) Dollars heretofore paid, except that there is allowed to Mr. Pyatt the sum of Two Hundred Fifty ($250.00) Dollars to be paid at the discretion of Nella M. Hunt, the successor administrator, as to the time of payment; that the objections filed herein by the said J. Ross Cole, Jr., Sarah Elizabeth Cole, and Nella M. Hunt, as guardian ad litem of said Sarah Elizabeth Cole, be and they are hereby sustained; that said The Gary State Bank be and it is hereby ordered to account to Nella M. Hunt, successor administrator, for the balance on hand as shown by said final report, for the sum of Two Hundred Twenty-four and 13/100 ($224.13) Dollars expended by said The Gary State Bank for abstracts of title, the sum of One Hundred ($100.00) Dollars paid by it to Homer Sackett for quit-claim deeds, and the sum of One Hundred ($100.00) Dollars, the amount paid to J. Ross Cole, Jr., for the sum of Two Hundred ($200.00) Dollars of the item of Three Hundred ($300.00) Dollars reported to be paid by said The Gary State Bank unto said Kenneth Call for legal services, for appraisers' fees, and stenographers' fees in the sum of Eighty-seven and 60/100 ($87.60) Dollars; that said final report and said accounting be and the same is hereby approved in all other respects; that upon the filing of receipts from Nella M. Hunt, as successor administrator, and delivery of deeds, in accordance with orders heretofore made, and filing of receipts for the remainder of the unliquidated assets of the estate heretofore inventoried and not reduced in cash, The Gary State Bank be fully discharged as administrator herein and relieved from all further liability."

In due course appellant filed its motion for a new trial, which was overruled by the court, and appellant

excepted, thereafter perfecting this appeal. The error assigned, relied upon for reversal, and presented for review, is claimed error in the overruling of said motion.

The jurisdiction of this court to determine this appeal upon the merits is challenged by a motion to dismiss the appeal filed by appellees J. Ross Cole, Jr., and Nella M. Hunt as administratrix of the estate of J. Ross Cole, deceased. In this motion it is assigned as grounds for dismissal, among others, that Sarah Elizabeth Cole is a necessary party appellee, and has an interest in the outcome of this appeal adverse to the interest of the appellant herein, and that appellant has wholly failed to name her as a party appellee in its assignment of error.

An examination of the record discloses that Sarah Elizabeth Cole is not named in the assignment of errors as party appellee, or otherwise. Said assignment, however, does name Nella M. Hunt as guardian ad litem of Sarah Elizabeth Cole, a minor, as a party appellee. Is this sufficient to give this court jurisdiction to determine the appeal upon its merits?

An assignment of errors is one of the requisites of any appeal. It constitutes appellant's complaint in this court, and this court has no jurisdiction over a party adverse to appellant in the judgment appealed from who is not named in the assignment of errors as an appellee, and no power to disturb the judgment where any person in whose favor it was rendered is not made a party to the appeal. *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552; *Haley* v. *Lawson* (1934), 99 Ind. App. 411, 192 N. E. 760.

Our statute (Burns' Stat. Anno. 1933, §6-1408, §3207, Baldwin's 1934) relating to the hearing of the final account of an administrator or executor, provides that "any person interested in the distribution of the assets" of the estate, may appear and contest the correctness of the account offered for

approval. It is well settled that where exceptions are filed, the report or account submitted stands as the complaint, and the exceptions thereto as the answer. Upon the issues thus formed, the trial is had. The administrator or executor occupies the same status as the plaintiff in the ordinary civil action, and the exceptor that of the defendant, so far as the procedure of the trial is concerned. *Spray* v. *Bertram* (1905), 165 Ind. 13, 74 N. E. 502; *Meier* v. *Union Trust Company* (1931), 93 Ind. App. 457, 176 N. E. 42.

A guardian *ad litem* is a person appointed by a court to look after the interest of an infant when such infant has become a party defendant to litigation. Such a guardian is not a substituted party who takes the place of the infant defendant, and supersedes him as a party to the litigation, but, to the contrary, stands more nearly in the same capacity as an attorney at law who appears to look after the interest of an adult litigant. Our Supreme Court, in the case of *Harlan* v. *Watson* (1872), 39 Ind. 393, in a suit to set aside certain fraudulent conveyances, where an appeal was attempted by Artissa Harlan, defendant, in her own behalf, and by her as guardian *ad litem* for three minor defendants, held that a guardian *ad litem* could not appeal, and the appeal was dismissed. No notice had been served on other defendants not appealing. In *Prebster* v. *Henderson* (1917), 186 Ind. 21, 113 N. E. 241, the jurisdiction of the court to determine the appeal on the merits was questioned on the ground, among others, that a guardian *ad litem* for certain infant defendants had not been made a party appellee. The court said (p. 25): "Appellees assert that such guardian, *ad litem* should have been named as an appellee and served with notice of the appeal. The guardian *ad litem* was not a party, but was appointed by the court to protect the interest of the infant parties defendant. The

judgment was not rendered against him but against the parties represented by him. They were named as appellees on appeal and notice given to them. This was sufficient."

The rule as established in this state is that any party to the judgment appealed from who has an interest that it be maintained is a necessary party. *Hughes* ██ v. *Yates* (1924), 195 Ind. 182, 144 N. E. 863; *Brier* v. *Childers, Admr.* (1925), 196 Ind. 520, 148 N. E. 474. The judgment appealed from in the instant case is in favor of Sarah Elizabeth Cole (and others) and she, together with her brother, J. Ross Cole, Jr., are the persons interested in its being maintained. She has not been made a party to this appeal, and under the facts disclosed by the record we are without authority to disturb the judgment of the trial court by reason of our lack of jurisdiction over a necessary party. The motion to dismiss the appeal should be, and is, sustained.

Appeal dismissed.