HAYES ET AL. *v.* ADAMS ET AL.

[No. 27,823. Filed June 16, 1943.]

*Clyde H. Jones,* of Indianapolis, for appellants.

*Harding & Harding,* of Crawfordsville, for appellees.

SWAIM, C. J.—Appellants were remonstrators in a drainage proceeding. Appellees have filed a motion to dismiss the appeal, one of the grounds therefor being that this court does not have jurisdiction to consider the appeal on its merits because not all parties to the judgment have been named in the assignment of errors. Appellees contend that more than ninety persons listed in the petition to dismiss were parties to the judgment but are not named in the assignment of errors.

Rule 2-8 of the Rules of the Supreme Court, 1940 Revision, provides that "The assignment of errors shall contain the full names of all the parties to the judgment, . . . ."

The appellants contend that under the decision of *Rockey* v. *Hershman* (1923), 193 Ind. 168, 138 N. E.

339, all parties necessary to this appeal have been named in the assignment of errors. That case does not hold that parties having an interest in the judgment adverse to the appellants need not be named in the assignment of errors as appellees.

Appellants, in their brief opposing dismissal, state that "It is not claimed that all petitioners who remained on the petition until final judgment, are not referred to as appellees in the assignment."

Appellants apparently recognize the rule that in an appeal by remonstrators in a drainage proceeding all petitioners who were parties to the judgment are necessary parties to the appeal. *Keiser* v. *Howard* (1927), 199 Ind. 137, 155 N. E. 707.

It has been uniformly held by this court that where an appellant fails to name, as appellees, all parties to the judgment who have an adverse interest to the appellant, this court does not acquire jurisdiction of the appeal. *Keiser* v. *Howard, supra; Ex Parte Fennig et al., Ex Parte Whipple* (1940), 216 Ind. 298, 23 N. E. (2d) 678. This is a requirement which, of course, can not be waived nor modified by this court. *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552.

Howard Heath, one of the parties listed by appellees as being a party to the judgment and who was not made a party to the appeal by being named in the assignment of errors, was a petitioner. He is not shown by the record to have withdrawn. He was a party to the judgment, with an interest adverse to appellants, and, therefore, a necessary party to the appeal.

We recognize the fact that this is a harsh rule. We further recognize the fact, however, that so long as a

rule is in force it must be held to be binding on the court as well as on the parties. It cannot be dispensed with in a particular case. *Magnuson* v. *Billings* (1899), 152 Ind. 177, 52 N. E. 803; *James C. Curtis & Co.* v. *Emmerling* (1941), 218 Ind. 172, 31 N. E. (2d) 57, 31 N. E. (2d) 986.

Since we are without jurisdiction of this appeal it follows that the motion of appellees to dismiss the appeal must be sustained.

It could serve no useful purpose to consider the other reasons urged by appellees for dismissal.

The appeal is dismissed.

NOTE.—Reported in 49 N. E. (2d) 345.