## WHISLER v. WHISLER ET AL.

[No. 19,959. Filed June 24, 1903. Petition to reinstate overruled February 16, 1904.]

APPEAL AND ERROR.—*Assignment of Errors.*—*Parties.*—*Wills.*—An assignment of errors is insufficient where one of the appellees, sued in his representative capacity as executor with the will annexed, is designated in the assignment of errors merely as "executor," and another defendant, sued as trustee under a will for certain named beneficiaries, is described simply as "trustee." *pp. 137–140.*

SAME.—*Transcript Imports Absolute Verity.*—The certified transcript of the record on appeal imports absolute verity, and statements of parties or their counsel, whether verified or unverified, are not available to dispute the record, or to supply any matter not therein disclosed. *p. 141.*

SAME.—*Assignment of Errors.*—*Treated as Challenged for Deficiency.*—In considering the sufficiency of an assignment of errors, all ambiguities or uncertainties therein will be construed against the pleading, and the

assignment treated and considered by the court as though it had been challenged for a deficiency therein. *pp. 144, 145.*

APPEAL.—*Assignment of Errors.—Parties.—Wills.*—The executor of a will is a necessary party to an appeal from a judgment sustaining the will though he was defaulted after he had successfully demurred to the original paragraphs of complaint, and before final judgment, and the appeal in such case was properly dismissed where the executor was not made a party in the assignment of errors in his representative capacity. *pp. 144–146.*

From Grant Circuit Court; *H. J. Paulus,* Judge.

Suit by Clinton Whisler against David Whisler and others. From a judgment for defendants, plaintiff appeals. *Appeal dismissed.*

*H. C. Pettit,* for appellant.
*C. H. Brower,* amicus curiae.

DOWLING, J.—Appeal from a judgment of the Grant Circuit Court sustaining the validity of the last will of one John Whisler, deceased. The appellant was the plaintiff below, and the defendants were David Whisler, John Whisler, William Whisler, Catherine Whisler, Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed, Lewis Signs, trustee under the will of John Whisler, deceased, for David Whisler, John Whisler, William Whisler, Clinton Whisler, and George Whisler, Lewis Signs, Meredith Whisler, Lemoyne Whisler, and Earl Whisler. Judgment was rendered in favor of these defendants and against the plaintiff.

The assignment of errors is as follows: "State of Indiana, Supreme Court of Indiana. November Term, 1902. Clinton Whisler, appellant, v. David Whisler, John Whisler, William Whisler, George L. Whisler, Earl Whisler, Lemoyne Whisler, Meredith Whisler, Catherine Whisler, Cornelius Lumaree, executor, Lewis Signs, Lewis Signs, trustee, appellees. Assignment of errors.

"The appellant says there is manifest error in the judgment and proceedings in this cause, in this, to wit: (1) The court erred in sustaining the demurrer of Lumaree,

executor, to the first paragraph of appellant's amended complaint; (2) the court erred in sustaining the demurrer of Lumaree, executor, to the second paragraph of appellant's amended complaint; (3) the court erred in overruling appellant's motion for a new trial. Wherefore the appellant prays that the judgment be reversed. [Signatures of counsel for appellant.]"

The statute provides that no pleadings shall be required in the Supreme Court upon an appeal, but that a specific assignment of all errors relied upon shall be entered on the transcript in matters of law only on or before the first day of the term at which the cause stands for trial. §667 Burns 1901. Rule six of this court is in these words: "The assignment of errors shall contain the full names of all the parties, and process when necessary shall issue accordingly."

It has been held in many cases in this court that the assignment of errors is the appellant's complaint in the appellate tribunal. *Hollingsworth* v. *State, ex rel.,* 8 Ind. 257, 258; *Bacon* v. *Withrow,* 110 Ind. 94. *Lawrence* v. *Wood,* 122 Ind. 452; Elliott, App. Proc., §300; Ewbank's Manual, §124.

The rule requiring the full names of all the parties to be set out in the assignment of errors has been enforced with great strictness, and the fact that process, when necessary, issues only for the persons named and described in the assignment of errors, indicates the importance of precision in the designation of the proper parties. Such strictness tends to systematize the appellate procedure, and to compel the identification of the parties. Elliott, App. Proc., §322.

It is said in *Burke* v. *State,* 47 Ind. 528: "The names of the parties to the assignment of errors are, 'Wm. H. Burke v. The State.' This is not a compliance with rule one of this court. The full name of neither party is given. The assignment of errors in this court is like a

complaint in the court below, in which the full names of the parties must be given. The State of Indiana can not sue or be sued by the name given in the assignment of errors."

Again, in *Snyder* v. *State, ex rel.,* 124 Ind. 335, Mitchell, J., said: "The assignment of errors is the appellant's complaint, and the only parties before this court, or over whom it acquires jurisdiction, are those whose names appear therein." See, also, *Big Four, etc., Assn.* v. *Olcott,* 146 Ind. 176; *Barnett* v. *Bromley Mfg. Co.,* 149 Ind. 606; *Smith* v. *Fairfield,* 157 Ind. 491; *Henderson* v. *Halleday,* 10 Ind. 24; *Thoma* v. *State,* 86 Ind. 182; *Peden* v. *Noland,* 45 Ind. 354; *Thomas* v. *Service,* 90 Ind. 128; *City of South Bend* v. *Thompson,* 19 Ind. App. 19; *McConahey* v. *Foster,* 21 Ind. App. 416; *Dunn* v. *Estate of Evans,* 28 Ind. App. 447.

One of the defendants named and described in the complaint in this action was "Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed." Another was Lewis Signs, who was sued and described in the pleading as a trustee under the will of John Whisler, deceased, for some five or more beneficiaries. Neither of these parties is so described in the assignment of errors. The names and descriptions which appear there are "Cornelius Lumaree, executor, Lewis Signs, trustee." These two defendants were sued in their representative capacity, and not as individuals. Where a party is so sued the rule is that the complaint must contain sufficient averments to show that the action is brought against the defendant in his representative capacity. *Hunt* v. *Wilkinson,* 2 Call (Va.) 49, 1 Am. Dec. 534; *Worden* v. *Worthington,* 2 Barb. (N. Y.) 368; *Yates* v. *Hoffman,* 5 Hun (N. Y.) 113; 8 Ency. Pl. & Pr., 683.

Where persons sue or are sued in a representative or official capacity the rule that the full names of the parties shall be set out in the assignment of errors requires that

they shall be properly described in that pleading as such representatives or fiduciaries. Otherwise the court - to which the appeal is taken acquires no jurisdiction over them. The appellee "Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed," could not have been sued and charged in his representative character by the description "Cornelius Lumaree, executor," without the addition of a further averment or designation showing his relation to the will or estate of some person. The same thing is true of the appellee Lewis Signs, who is described in the assignment of errors simply as "trustee"; but how created, or for whom, does not appear. Neither of these persons in his representative capacity is before the court.

As two of the parties named in the complaint, and in whose favor judgment was rendered against the appellant, are not properly designated in the assignment of errors, either in its title or body, we are compelled to hold that the assignment does not comply with rule six, and therefore that the appeal must be dismissed.

## On Petition to Reinstate Appeal.

Jordan, J.—Appellant has filed a petition praying that his appeal be reinstated on the docket of this court. The grounds assigned are substantially the following: (1) That the court erred in holding that Cornelius Lumaree, executor of the will of John Whisler, deceased, and Lewis Signs, trustee thereunder, were necessary parties to the appeal, or that either of them had any interest in the judgment from which the appeal is prosecuted; (2) that the names of all parties having an interest in the judgment below were named in full compliance with rule six of this court; (3) that it appears by the record that Lumaree, the executor of the will in question, was defaulted before the trial, and thereby passed out of the case, and that no

judgment was rendered either in his favor or against him; (4) that Signs, the trustee, never accepted his trust, and therefore could not be a party defendant; that he was not brought into court either individually or in his trust capacity.

The petitioner's counsel in their argument insist that the names of all of the parties interested in the judgment below, or who in any manner are affected thereby, are fully and correctly set out in the assignment of errors. The argument is further advanced that inasmuch as Lumaree, the executor of the will, was defaulted before final judgment of the court was rendered, whereby the validity of the will was affirmed, he in no sense can be said to be a party to such judgment, and hence has no interest in the appeal. It is said that it is disclosed by the verified petition herein that he was not the executor of the will at the time of the trial in this cause for the reason that he had been finally discharged prior thereto. In regard to Signs, the trustee, it is claimed that he was not served with process, and did not appear in the action. It may be said in passing that it must be remembered that in appeals to this court the certified transcript of the record imports upon its face absolute verity, and statements of parties or their counsel, whether verified or unverified, are not available to dispute the record, or to supply any matter not therein disclosed. Consequently appellant's statement in his petition that Lumaree, the executor of the will, had been discharged as such executor before the final judgment was rendered is not available in the determination of that question.

We may properly note some of the things shown by the record in this cause. It appears that the purpose of the action was to contest and set aside, for several reasons, the last will of John Whisler, deceased. In this will the testator nominated and appointed Cornelius Lumaree the executor thereof, and, among other things, he, as such

executor, was directed by the will to sell and convey certain property, and to pay the proceeds thereof over to Lewis Signs, as trustee, to be held by him in trust as therein provided. By §2766 Burns 1901, §2596 Horner 1901, the executor of a will under contest, and all other persons beneficially interested therein, are required to be made defendants to the action. It is shown that the appellant herein, plaintiff below, filed an amended complaint in three paragraphs whereby he challenged the validity of the will of John Whisler, deceased. To this complaint he made "Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed," one of the defendants. As such defendant he appeared and successfully demurred for want of facts to each paragraph of the amended complaint, and thereupon leave by the court was granted to the plaintiff to amend the third paragraph of the complaint, and to file additional paragraphs thereto. The third paragraph appears to have been amended, and four additional paragraphs were filed, and made a part of the complaint. Under these paragraphs "Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed," was continued as one of the defendants. Lewis Signs, trustee, and Lewis Signs, in his individual capacity, together with others, were also made defendants. Some time subsequent to the filing of these additional paragraphs the record discloses that Lumaree, the executor of the will or estate of John Whisler, deceased, together with three other defendants, viz., David, John, and William Whisler, were called and defaulted, and thereupon the cause was submitted to the court for trial, and after hearing the evidence the court rendered a final judgment to the effect that the will in suit was valid, and ought not to be set aside on the grounds alleged in the plaintiff's complaint. Counsel's contention that because Lumaree, the executor, was defaulted after he had successfully demurred to the paragraphs of the complaint as shown, but before

the rendition of the final judgment, he was not affected by such judgment, and is not a necessary party. appellee in this appeal, is certainly untenable. It will be observed by an examination of the assignment of errors as it appears in the principal opinion that two of the specifications of error are based on the rulings of the trial court in sustaining "the demurrer of Lumaree, executor, to the first and second paragraphs of the amended complaint." Appellant's very act in making Lumaree, "executor," and also David, John, and William Whisler parties appellee to the appeal is certainly inconsistent with his present contention that these parties by reason of their being defaulted were not affected by the judgment or interested in this appeal. Lumaree, the executor of the will in question, under the requirements of the statute cited, was not only a proper, but a necessary defendant to the action, and the mere fact that he had been defaulted before the beginning of the trial did not excuse appellant from making him a party appellee in his fiduciary capacity in this appeal. *Michigan Mut. Ins. Co.* v. *Frankel,* 151 Ind. 534, 538. This rule applies as well in the case of an appellee as it does in regard to a co-appellant. *Abshire* v. *Williamson,* 149 Ind. 248.

The true test, as a general rule, for determining who should be made an appellee in an appeal to this court is, has the party an interest in maintaining the judgment from which the appeal is prosecuted. Ewbank's Manual, §149; Elliott, App. Proc., §160. Appellant in the lower court was interested in overthrowing the will, and in this court he is interested in securing a reversal of the judgment by which the validity thereof was affirmed. The executor of the will, as a party below, was interested in a legal sense in defeating the overthrow of the will, and in this court he is certainly interested in sustaining the judgment by which its validity was affirmed by the trial court. His position below, under the circumstances, was certainly hos-

tile or adverse to that of appellant, and as the appeal in effect may be said to be a continuation of the litigation, his attitude or interest is not thereby changed, but continues to be adverse to that of appellant. Elliott, App. Proc., §159. Under the circumstances it was certainly necessary for appellant to make him in his representative capacity one of the appellees in the appeal, for it is an elementary rule of appellate procedure that before the court will proceed to adjudicate upon the subject-matter of a cause it must first acquire jurisdiction over all the parties whose rights or interests will be affected by the judgment rendered. *Michigan Mut. Ins. Co.* v. *Frankel, supra; Abshire* v. *Williamson, supra; Lowe* v. *Turpie,* 147 Ind. 652, 37 L. R. A. 233. As it was essential, in order to maintain the appeal in this cause, that all parties adverse to appellant should be named as appellees, the failure of appellant to comply with this requirement would necessarily have resulted in the dismissal of his appeal. *O'Mara* v. *Wabash R. Co.,* 150 Ind. 648; *Cole* v. *Franks,* 147 Ind. 281; *National, etc., Assn.* v. *Huntsinger,* 150 Ind. 702, and authorities there cited. It being necessary, for the reasons stated, for appellant to name Cornelius Lumaree, executor of the will of John Whisler, deceased, as an appellee, his failure to name and describe him as such in his assignment of errors would, in effect, be the equivalent of entirely omitting his name in his fiduciary capacity as appellee in the assignment, and under such circumstances the appeal would be dismissed.

It is not the practice in this court for parties formally to demur to an assignment of errors, or to move to make such pleading more certain or specific; hence the assignment made must be treated and considered by the court as though it had been challenged by an appellant's adversary for a deficiency therein. In considering the sufficiency of an assignment of errors all ambiguities or uncertainties therein will be construed against the plead-

ing.   The court can not indulge any presumptions, and thereby supply what the appellant by his pleading may have possibly or probably intended.   Merely placing the word "executor" after Cornelius Lumaree, without a further designation or description to show that he was the executor of some particular will, would be but the equivalent of naming him as appellee in his individual capacity. The term "executor," under such circumstances, would not serve to indicate that he was named as appellee in some particular fiduciary capacity or character.

In *Brown* v. *Hicks,* 1 Ark. 232, the court said: "There is a striking and wide difference between the averment in a declaration 'executor, or being executor as aforesaid,' and the direct allegation 'as executor aforesaid.'   In one instance, 'executor, or being executor as aforesaid,' are mere words of description, having exclusive reference to personal identity: in the other, the term 'as executor aforesaid,' has but one meaning, which is fixed by law, and that is the party against whom the charge is made is sued in his representative character.   This being the case, the defendant in the action is not charged as the executor of Thomas Phillips, deceased; for the declaration nowhere alleges that he was sued as such, and the words used, 'executor as aforesaid,' are mere matter of description and surplusage; and the antecedent as aforesaid refers only to the personal description of the defendant."   Certainly, unless we indulge in presumptions, it can not be said that Lumaree was the executor of the will of John Whisler, deceased, and had been named as an appellee to the appeal in his representative capacity.

It is unnecessary that we consider further the question presented in respect to Signs, trustee, under the will, because the failure of appellant properly to name Lumaree the executor of the will must operate to dismiss the appeal, regardless of the question as to Signs.

After again giving the question in respect to the dismissal of the appeal herein a careful consideration, we are still satisfied that it was properly dismissed, and therefore the petition to reinstate is overruled.