BENDER, ADMINISTRATOR, *v.* THE STATE OF INDIANA, EX REL. HARNISH.

[No. 21,914. Filed June 9, 1911.]

APPEAL. — *Parties.* — *Capacities.* — *Assignments of Errors.* — The designation in the assignment of errors, of parties to an appeal, in form: "John H. Bender, administrator, appellant v. The State of Indiana, on the relation of Clara Harnish, appellee," is insufficient to present any question as to a judgment taken against such appellant in his representative capacity.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by The State of Indiana, on the relation of Clara Harnish, against John H. Bender, as administrator of the estate of Charles W. Bender, deceased. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Appeal dismissed.*

*Eichhorn & Vaughn,* for appellant.
*A. W. Hamilton* and *Sharpe & Sturgis,* for appellee.

Monks, J.—Appellant appealed from a judgment rendered in favor of appellee against John H. Bender, as administrator of the estate of Charles W. Bender, deceased. The parties are designated in the assignment of errors as follows: "John H. Bender, administrator, appellant, v. The State of Indiana, on the relation of Clara Harnish, appellee."

The rules of this court require that the assignment of errors shall contain the full names of all the parties, and unless this rule is complied with the appeal will be dismissed. Ewbank's Manual §§13, 120, 126; *Whisler* v. *Whisler* (1904), 162 Ind. 136, and cases cited.

In the case last cited, one of the defendants named in the complaint was Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed. Another was Lewis Signs, who was sued as trustee under the will of John Whisler, deceased, for some five beneficiaries. Neither of said parties was so described in the assignment of errors, but their names appear therein as "Cornelius Lumaree, executor, Lewis Signs, trustee." This court said on page 139: "These two defendants were sued in their representative capacity, and not as individuals. * * * Where persons sue or are sued in a representative or official capacity the rule that the full names of the parties shall be set out in the assignment of errors requires that they shall be properly

described in that pleading as such representatives or fiduciaries. Otherwise the court to which the appeal is taken acquires no jurisdiction over them. The appellee 'Cornelius Lumaree, executor of the estate of John Whisler, deceased, with the will annexed,' could not have been sued and charged in his representative character by the description 'Cornelius Lumaree, executor,' without the addition of a further averment or designation showing his relation to the will or estate of some person. The same thing is true of the appellee Lewis Signs, who is described in the assignment of errors simply as 'trustee;' but how created, or for whom, does not appear. Neither of these persons in his representative capacity is before the court. As two of the parties named in the complaint, and in whose favor judgment was rendered against the appellant, are not properly designated in the assignment of errors, either in its title or body, we are compelled to hold that the assignment does not comply with rule six, and therefore that the appeal must be dismissed.''

In this case appellant was a party to the judgment in his representative capacity, and not as an individual. He is not before this court in his representative capacity. Upon the authority of the case of *Whisler* v. *Whisler, supra,* we hold that as he is not properly described as such representative in the assignment of errors, the appeal must be dismissed. Appeal dismissed.