MILBURN ET AL. *v.* CORY ET AL.

No. 22,875.   Filed November 24, 1915.   Rehearing denied January 26, 1916.]

APPEAL.—*Assignment of Errors.—Parties.—Defective Assignment.— Amendment.*—An assignment of errors in which a party to the judgment below is not named as an appellee in the capacity in which he was sued is defective, and though such a defect may be cured by a timely amendment, a request for leave to amend, made after the time for perfecting the appeal, comes too late and a consideration of any question involved is precluded.

From Clinton Circuit Court; *James V. Kent,* Special Judge.

Action by Robert C. Milburn and others against Elizabeth Cory and others. From a judgment for defendants, the plaintiffs appeal. *Appeal dismissed.*

*Ira M. Sharp,* for appellants.

*Frank E. Hutchinson* and *Joseph W. Hutchinson,* for appellees.

Cox, J.—The judgment from which appellants have attempted to take this vacation appeal was rendered by the trial court, January 30, 1915. The transcript containing appellants' assignment of errors was filed July 1, 1915. Appellants' briefs on the assignment of errors were filed October 20, 1915. Before answering the briefs appellees have interposed a motion to dismiss the appeal and rely on, as the primary ground of the motion, that one of the parties to the judgment below was not and is not, in the capacity in which he was sued, named as an appellee in the assignment of errors in disregard of the requirements of Rule 6 of the rules of this court. Counsel for appellants concedes this defect in the assignment of errors and now long after the time for perfecting the appeal has expired, asks leave to amend and so cure the defect on the ground

342

SUPREME COURT OF INDIANA,

Portland, etc., Mach. Co. *v.* Gibson—184 Ind. 342.

that the insufficient assignment of errors "was wholly due to the mistake and inadvertence of appellants' counsel." The amendment would have been permitted of course if request therefor had been made before the expiration of the time for perfecting the appeal. But it now comes too late. *Steel* v. *Yoder* (1915), 58 Ind. App. 633, 108 N. E. 783; *Rook* v. *Strauss ,Bros. Co.* (1915), 58 Ind. App. 82, 107 N. E. 692; *Prough* v. *Prough* (1910), 174 Ind. 57, 59, 91 N. E. 337; *Town of Windfall City* v. *State, ex rel.* (1910), 174 Ind. 311, 92 N. E. 57, and cases there cited. That the defective assignment of errors prevents a consideration of any questions which may be involved is settled by the uniform decisions of this court. *Whisler* v. *Whisler* (1904) 162 Ind. 136, 67 N. E. 984, 70 N. E. 152, and cases cited; *Bender* v. *State, ex rel.* (1911), 176 Ind. 70, 95 N. E. 301; *Deinhart* v. *Mugg* (1911), 176 Ind. 531, 96 N. E. 467; *Klotz* v. *Schellenberger* (1913), 180 Ind. 287, 102 N. E. 134.

Appeal dismissed.

NOTE.—Reported in 110 N. E. 193. See, also, 3 C. J. 1350, 1399; 2 Cyc 985, 1005.