### GARDNER v. BENSON.

[No. 9,897.    Filed November 20, 1917.]

APPEAL.— *Assignment of Errors.— Parties.— Defective Assignment.—Dismissal.*—Where plaintiff sued in his capacity as trustee and recovered judgment, and by the assignment of errors was made a party on defendant's appeal in his individual capacity, the transcript being filed before the act of 1917, Acts 1917 p. 523, concerning civil procedure became effective, the appeal will be dismissed on motion filed after the expiration of time for perfecting the appeal.

From Marion Circuit Court (25,672) ; *Louis B. Ewbank,* Judge.

Action by Adelbert S. Benson, trustee, against Charles J. Gardner.    From a judgment for plaintiff, the defendant appeals.    *Appeal dismissed.*

*Means & Buenting,* for appellant.
*Bingham & Bingham* and *A. G. Cavins,* for appellee.

DAUSMAN, J.—Appellee, Adelbert S. Benson, in his capacity as trustee for a number of interested persons, instituted this action against appellant, Charles J. Gardner, to recover damages for breach of contract.    Judgment against Gardner and in favor of Adelbert S. Benson, trustee.    By the assignment of error Adelbert S. Benson was made a party on appeal in his individual capacity, and not in his capacity as trustee.    The transcript was filed March 3, 1917, before the act entitled "An Act Concerning Civil Procedure," Acts 1917 p. 523, became effective; and that fact alone is a sufficient reason for holding that §3 of said act does not apply to

this case. Appellee filed a motion to dismiss on July 18, 1917, at which time more than 180 days had elapsed since the rendition of the judgment and the overruling of the motion for a new trial.

Under the ruling of the Supreme Court in *Milburn* v. *Cory* (1915), 184 Ind. 341, 110 N. E. 193, the motion to dismiss must be sustained.

Appeal dismissed.

NOTE.—Reported in 117 N. E. 655.