## BOWMAN ET AL. *v.* SWARTZ ELECTRIC COMPANY ET AL.

### [No. 11,669. Filed October 9, 1923.]

1. APPEAL.— *Assignment of Errors.— Parties.— Defective Assignment.*—An assignment of error naming an appellee as "receiver" is insufficient to make him a party to the appeal in his representative or fiduciary capacity as receiver of one of the appellees. p. 375.

2. APPEAL.— *Assignment of Errors.— Parties.— Defective Assignment.—Amendment.*—An application to amend an assignment of errors, in which appellees are not named in the fiduciary capacity in which they were sued below, comes too late when it is filed after the expiration of the period allowed for taking an appeal. p. 375.

3. APPEAL.—*Review.—Questions Presented.—Overruling Motion for New Trial.—Evidence not in Record.—Affirmance.*—Where the correctness of the court's action in overruling a motion for a new trial requires the consideration of the evidence, which is not in the record, the cause will be affirmed. p. 375.

From Marion Superior Court (A14,965) ; *Linn D. Hay,* Judge.

Action between the Swartz Electric Company and others and Cyrus Bowman and others. From a judgment rendered, the plaintiff appeals. *Appeal dismissed.*

*Leo X. Smith,* for appellants.

*Herod & Schortemeier, Holtzman & Coleman, James W. Noel* and *Henry M. Dowling,* for appellees.

McMahan, C. J.—May 23, 1921, the Swartz Electric Company executed a mortgage upon all its property to the Bankers Trust Company, as trustee, to secure the payment of an authorized issue of bonds, of which bonds $281,000 had been issued and were outstanding and unpaid. In January, 1922, Frederick A. Joss was appointed and qualified as receiver of said electric company.

Appellants, fourteen in number, each filed their separate claims with the receiver for money due them for work and labor performed for the electric company prior to the appointment of the receiver. The Bankers Trust Company, trustee, by leave of the court filed its complaint to foreclose the mortgage heretofore mentioned. The several claims of appellants and the trust company were consolidated and tried by the court. There was a decree foreclosing the mortgage and declaring it to be a first lien upon the property therein described. The court found there was due each of the appellants a certain sum and that they were entitled to a lien on the property in the hands of the receiver subject to the lien of the trust company, and the costs and expenses of the receivership. From this decree appellants appeal and assign as error the overruling of their separate and several motions for a new trial, their specific contentions being that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Certain appellees have filed a motion to dismiss the appeal because of the alleged failure of appellants to make Frederick A. Joss, as receiver of the Swartz Electric Company, and Bankers Trust Company, as trustee for the bond-holders under the mortgage executed by the electric company, appellees, and because Lindsey C. Van Every is made an appellant, when no such person is named as a party to the judgment and decree. The

decree herein was rendered June 30, 1922. The motions for a new trial were overruled September 26, 1922.

"Frederick A. Joss, Receiver," is named in the assignment of errors as an appellee. This is not a sufficient designation to make Frederick A. Joss, in his

1. representative or fiduciary capacity as receiver of the electric company, an appellee. *Whistler* v. *Whistler* (1903), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152; *Milburn* v. *Cory* (1915), 184 Ind. 341, 110 N. E. 193; *Bender* v. *State, ex rel.* (1911), 176 Ind. 70, 95 N. E. 305; *Gardner* v. *Benson* (1917), 65 Ind. App. 700, 117 N. E. 655.

In order to obviate the deficiency in the assignment of errors, appellants on August 7, 1923, filed an application for leave to amend their assignment of

2. errors so as to make Frederick A. Joss, as receiver of the Swartz Electric Company, and Bankers Trust Company, as trustee for the bond-holders under the mortgage, appellees. This application being filed after the expiration of the period allowed for taking an appeal comes too late and under the holding of the Supreme Court in *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 642, 74 N. E. 988, must be denied. See, also, *Town of Windfall City* v. *State, ex rel.* (1910), 174 Ind. 311, 92 N. E. 57; *Steel* v. *Yoder* (1915), 58 Ind. App. 633, 108 N. E. 783; *Makeever* v. *Makeever* (1917), 65 Ind. App. 677, 117 N. E. 691.

The application to amend is overruled. Frederick A. Joss not being a party to the appeal in his fiduciary capacity, the motion to dismiss must be sus-

3. tained. It is not necessary for us to pass upon any other question presented by the motion to dismiss. An examination of the record discloses that the correctness of the action of the court in overruling the motion for a new trial would require a considera-

tion of the evidence, and, the evidence not being in the record, the cause would have to be affirmed. *Pennsylvania Co.* v. *Niblack* (1884), 99 Ind. 149; *Aubain* v. *United Brotherhood, etc.* (1917), 63 Ind. App. 636, 115 N. E. 78.

Appeal dismissed.