ROOKER v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, ET AL.

[No. 14,706. Filed February 17, 1933. Motion to vacate overruled April 18, 1933. Transfer denied April 20, 1934.]

*William V. Rooker,* for appellant.

*Leo M. Rappaport, Albrecht R. C. Kipp, William W. Hammond, C. Severin Buschmann,* and *Leo M. Gardner,* for appellees.

CURTIS, C. J.—The Aetna Trust and Savings Company, as administrator of the estate of Mary I. Hollowell, deceased, filed a petition in the Marion Probate Court to sell certain real estate belonging to said estate, to make assets with which to pay debts. Among other defendants were William V. Rooker, the appellant, who claimed a judgment lien, and the John Hancock Mutual Life Insurance Company, one of the appellees, who claimed a mortgage lien on said real estate. Issues were formed upon the petition to sell real estate and the various answers thereto, the counterclaim of the appellant, the cross-complaint of the John Hancock Insurance Company and the various answers and pleadings addressed to each. On account of the conclusions we have reached it is not necessary herein to set out the substance of the various pleadings, except in a general way.

The cause was submitted to the court for trial, who, upon proper request, made a special finding of facts and stated its conclusions of law thereon. The finding was in favor of the John Hancock Mutual Life Insurance Company on its cross-complaint that it had a first mortgage lien on the real estate described in the petition.

The appellant William V. Rooker was found to have a mortgage lien on other real estate than that described in the petition, which mortgage lien he had previously sued upon and had recovered a judgment and foreclosure. The conclusions of law were in accordance with the finding of facts and an exception was taken to each of them. The judgment and decree ordered the real estate sold, the proceeds arising from the sale to be applied: (1) To the payment of the costs and accruing costs; (2) to the payment of the amount found due the cross-complainant, John Hancock Mutual Life Insurance Company, together with accruing interest; (3) the overplus, if any there be, to be paid to the Aetna Trust and Savings Company, as administrator of the estate of Mary I. Hollowell, deceased.

The appellant filed a motion for a new trial which was overruled, to which ruling of the court he excepted. The causes in the motion are: (a) The finding of the court is not sustained by sufficient evidence; (b) the finding of the court is contrary to law.

Appellant also filed a motion in arrest of the judgment which was likewise overruled and an exception taken. This appeal was then taken.

The assignment of errors contains twelve specifications which we need not set out. In the said assignment of errors, along with John Hancock Mutual Life Insurance Company and the other parties below, the Aetna Trust and Savings Company, as administrator of the estate of Mary I. Hollowell, deceased, is named. It is styled in that manner in all of the pleadings below. It is a necessary party to the appeal.

The transcript and assignment of errors were filed on appeal August 17, 1931, and the cause submitted under rule 16 on October 8, 1931. On January 4, 1932, the appellees, John Hancock Life Insurance Company and Aetna Trust and Savings Company, as administra-

tor of the estate of Mary I. Hollowell, deceased, filed a verified motion to dismiss this appeal based upon the contentions that: (a) The appeal is a vacation appeal, and (b) that no notice has ever been served upon the appellee Aetna Trust and Savings Company, as administrator of the estate of Mary I. Hollowell, deceased, since the filing of the transcript on appeal on August 17, 1931.

The praecipe for notice which was signed by the appellant as attorney for himself, insofar as it is material to the matter under consideration, is as follows:

No. 26086.
"In the Supreme Court of Indiana.
Appeal from the Probate Court of Marion County.
William V. Rooker, appellant,
v.
John Hancock Mutual Life Insurance Company et al., appellees.

Praecipe for notice to resident appellees.
To the Clerk of the Supreme Court:

"You will please issue to sheriff, notice of the within appeal, for service on appellees . . . Aetna Trust and Savings Company, 23 North Pennsylvania Street. . . . Dated this August 17, 1931.
Filed August 17, 1931.      William V. Rooker,
Fred B. Pickett, Clerk.      Attorney for appellant."

(Note:—The appeal in this case was taken first to the Supreme Court and by that court transferred to this court for lack of jurisdiction).

We have examined the notice, together with the return of the sheriff thereon, and find that the said notice followed the praecipe and that the service was likewise upon Aetna Trust and Savings Company and not upon

Aetna Trust and Savings Company as administrator of the estate of Mary I. Hollowell, deceased.

The controlling facts concerning the notice and its service are not in dispute. It is not contended that jurisdiction was conferred in any other manner than by the above notice.

Rule 36 of the Supreme Court and this court is as follows: "Where a case not appealed in term has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

It is to be noted that said rule makes two classifications: (1) Where a case is not appealed in term and has been on the docket more than ninety days and there is no appearance by the appellee and no steps have been taken to bring him into court, and (2) where a case is not appealed in term and where a notice has been issued and proves ineffectual from any cause and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court. In either of such cases the clerk shall issue an order dismissing the appeal.

On January 4, 1932, at the time the motion to dismiss was filed the instant case had been on the docket since August 17, 1931, a period of 140 days. It therefore falls within the first classification unless it may be said that notice to the Aetna Trust and Savings Company is notice to the Aetna Trust and Savings Company as administrator of the estate of Mary I. Hollowell, deceased.

In *Hurst et al.* v. *Hawkins, Guardian* (1906), 39 Ind.

App. 467, 79 N. E. 216, which was a case resulting in the dismissal of an appeal, the court, in considering the service of notice of an appeal on a guardian, said: "Flora Hawkins, as guardian of the person and estate of Oliver M. Griffin, in legal contemplation, is an entirely different person from Flora Hawkins in her personal capacity. . . . If this were an original proceeding instituted against Flora Hawkins, as guardian of the person and estate of Oliver M. Griffin, and summons had been served on her as such guardian only, surely no one would contend that judgment might be rendered in such proceeding against her personally."

If it may be said in the instant case that the Aetna Trust and Savings Company is an entirely different person in legal contemplation from the Aetna Trust and Savings Company as administrator of the estate of Mary I. Hollowell, deceased, then it could not be reasonably contended that notice to either alone would be notice to the other. Our decisions, without conflict so far as we have examined them, lead to the conclusion we have just indicated. See *Bowman et al* v. *Swartz Electric Company et al.* (1923), 80 Ind. App. 373, 141 N. E. 62. The court in the last mentioned case sustained a motion to dismiss the appeal because Frederick A. Joss as receiver of the Swartz Electric Company was not named in the assignment of error in his fiduciary capacity but was named simply as Frederick A. Joss, Receiver. The court said: "This is not a sufficient designation to make Frederick A. Joss, in his representative or fiduciary capacity as receiver of the electric company, an appellee. . . . Frederick A. Joss not being a party to the appeal in his fiduciary capacity, the motion to dismiss must be sustained." See also, *Gardner* v. *Benson* (1917), 65 Ind. App. 700, 117 N. E. 655; *Bender, Administrator* v. *The State of Indiana ex rel. Harnish* (1911), 176 Ind. 70, 95 N. E. 305; *Milburn et al.* v. *Cory*

*et al.* (1915), 184 Ind. 341, 110 N. E. 193; *Whisler* v. *Whisler et al.* (1903), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152. While most of the cases cited above were cases in which the defect in the name was in the assignment of error, yet the principle of law underlying the conclusions therein reached, to the effect that designating a person in the assignment of error in his individual capacity would not be sufficient designation to make him a party in his fiduciary capacity or vice versa, is the same as in the conclusion that where notice is served on a person in his individual capacity it is not sufficient to bind him in his fiduciary capacity or vice versa. The decisions are in accord in holding that an application to amend an assignment of error to cure the above mentioned defect comes too late when it is filed after the expiration of the period allowed for taking an appeal. Such defect is cause for dismissal.

It is to be noted that the first part of Rule 36, *supra,* provides, as heretofore stated, for dismissal where, as in the instant case, the appeal is a vacation appeal and has been on the docket ninety days or more, and there is no appearance by the appellee and no steps have been taken to bring him into court. There is no showing in the instant case of any excusable neglect on the part of the appellant that would warrant the court in relieving him from the rule, and the rules of court have many times been held to be as binding upon the court and litigants as are the statutes. See *Bingham, Receiver* v. *Newton Bank et al.* (1916), 63 Ind. App. 606, 114 N. E. 97; *Epstein* v. *State of Indiana* (1921), 190 Ind. 693, 127 N. E. 441; *Tate* v. *Hamlin et al.* (1897), 149 Ind. 94, 41 N. E. 356. If our cases are correct (and we believe they are correct) in holding that a person in his personal capacity as distinguished from his fiduciary capacity is, in contemplation of law, an entirely different person, then it must follow in the instant case that

no notice of any kind was ever directed against or served upon the Aetna Trust and Savings Company as administrator of the estate of Mary I. Hollowell, deceased.

For the reasons heretofore stated, the motion to dismiss the appeal is sustained and the appeal is dismissed, at appellant's costs.