WOLANSKI *v.* MAZGAJCZK

[No. 14,915.   Filed May 31, 1933.]

*Anthony Olczak,* for appellant.

*George Sands* and *Joseph J. Hemphling,* for appellees.

KIME, C. J.—On May 22, 1933, appellees herein filed a motion to dismiss this cause for the reason that appellant's assignment of errors is in contravention of rule 6 of the Supreme and Appellate Courts, which says: "The assignment of errors shall contain the full names of all parties to the judgment, and process when necessary shall issue accordingly." It is shown by said motion that the appellant, in the assignment of errors, is designated as "Walter M. Wolanski, Appellant," whereas it manifestly appears from the face of the transcript that the party defendant to the judgment rendered below was Walter M. Wolanski in his representative capacity, to wit: Walter M. Wolanski, as *administrator de bonis non cum testamento annexo* of the estate of Apolonia Sobecki, deceased, and it is further shown that the appellees in said assignment of errors are designated as Frances Mazgajczk, et al., appellees, whereas it manifestly appears from the face of the transcript that said appellees, parties plaintiff to the judgment below, are Frances Mazgajczk, Jadwiga Starczewski and Josephine Forycki.

On May 23, 1933, appellant served notice on appellees that he would, on May 24, 1933, file a motion in this

court for leave to amend his assignment of errors, and said motion was so filed on the latter date.

Where a judgment is rendered in favor of or against a party in his representative capacity, such party, on appeal, must be designated in the assignment of error by his full name and the capacity in which such judgment was rendered. *Rohrbaugh* v. *Leas, Admr.* (1917), 63 Ind. App. 544, 114 N. E. 762; *Bender* v. *State,* ex rel. (1911), 176 Ind. 70, 95 N. E. 305; Ewbanks Manual of Practice, §126. The assignment must contain the full names of all parties to the judgment, and such a designation as "et al." is not permissible. Rule 6, *supra*; §126 Ewbanks Manual, *supra*; *Keiser* v. *Howard* (1927), 199 Ind. 137, 155 N. E. 707.

Rule 4 of the Supreme and Appellate Courts states, among other things, that "Amendments of the assignment of errors shall not be made after the cause is submitted, except upon notice and leave applied for in writing, nor shall leave be granted *unless it appear that due care and diligence were exercised in the first instance to make the assignment complete."* (Our italics.) Appellant's motion herein contains no reason or excuse whatsoever for not making the assignment correct in the first instance, and such failure in itself is sufficient reason for denying said motion. *Baldwin* v. *Sutton et al.* (1897), 148 Ind. 591, 47 N. E. 629, 1067.

For the above reasons, appellant's motion for leave to amend the assignment of errors herein is overruled, and appellees motion to dismiss appeal is sustained.