CLINE ET AL. *v.* McWHORTER ET AL.

[No. 15,380. Filed March 26, 1935. Rehearing denied October 18, 1935. Transfer denied December 18, 1935.]

*Bristor & Givan* and *George B. Staff,* for appellants.

*Richard F. Mills, James E. Rocap* and *John T. Rocap,* for appellees.

SMITH, C. J.—The "Citizens State Bank as Trustee under mortgage recorded in Mortgage Record 1037, at pages 536 and 537 of the records in the office of the Recorder of Marion County, Indiana," has appeared specially to this action for the purpose of moving to dismiss the appeal.

Appellants attempted to perfect a vacation appeal by service of notice below upon appellees and the clerk, as provided by statute, Acts 1933, pp. 694, 695; sec. 482, Baldwin's Ind. St. 1934; sec. 2-3206, Burns Ind. St. Ann. 1933.

This action grows out of the foreclosure of a mortgage upon certain real estate given to secure certain notes or bonds. The mortgage was given to "Citizens State Bank, Trustee" to secure the payment of a number of notes or bonds aggregating the sum of $27,000.

Complaint was filed by one of the bond or note holders

to foreclose the mortgage, making the Citizens State Bank as "Trustee" and others parties to the complaint. A cross-complaint was filed by "The Citizens State Bank of Indianapolis, Trustee," asking for the foreclosure of the mortgage, making all persons interested parties thereto; and alleged that the Citizens State Bank was trustee for all the different note and bond holders, and asked foreclosure upon their behalf under said mortgage which, it was alleged, was recorded in Mortgage Record 1037, at pages 536 and 537 of the records in the office of the Recorder of Marion County, Indiana.

Upon the hearing, judgment was rendered upon the cross-complaint in favor of said cross-complainant, and against all the cross-defendants, including appellants.

The cross-complaint of the bank disclosed in the body thereof that said bank was suing in its fiduciary relation as trustee for the bondholders and set up the mortgage in which the trust relation was created.

The judgment was rendered on April 20, 1934, in favor of "Citizens State Bank, Trustee," and the finding of the court disclosed that said bank was trustee under said mortgage above designated.

It is apparent from the cross-complaint and the findings of the court and judgment thereof that this appellee was suing in its fiduciary capacity as trustee under mortgage recorded in Mortgage Record 1037 at pages 536 and 537 of the record in the office of the Recorder of Marion County, Indiana; and that said bank was acting in a fiduciary capacity as trustee under said mortgage.

This appellee in its motion to dismiss the appeal sets forth two grounds therefor: (1) That this appeal was not in term and was not perfected as a vacation appeal, as no notice was served upon the Citizens State Bank, appellee, as trustee under the mortgage above referred to; (2) that appellants have not complied with rule No.

6 of the Supreme and Appellate Courts in that the assignment of errors does not contain the full names of all the parties to the judgment rendered upon the cross-complaint in the court below. This appeal must be dismissed because of insufficiency of notice, but in passing we mention the second ground contained in appellee's motion as above stated.

The assignment of errors names this appellee as "Citizens State Bank of Indianapolis, Indiana, as Trustee," and does not disclose the fiduciary relationship of said appellee. As has been stated, appellee was suing in its fiduciary capacity upon its cross-complaint, and the capacity in which a party is sued or brings the action is not determined from the caption of the complaint, but from the allegations thereof. From the body of the cross-complaint it appears that this appellee was suing in its fiduciary capacity as trustee under the mortgage above referred to, and under the authorities of this state it would be necessary to name the appellee in the assignment of errors in its fiduciary capacity, which was not done in the instant case. *Ditton et al.* v. *Hart et al.* (1911), 175 Ind. 181, 93 N. E. 961.

As stated, the assignment of errors names this appellee as "Citizens State Bank of Indianapolis, Indiana, as Trustee." The notice which was served below and which was the only notice issued or attempted to be served upon this appellee, reads "To the Citizens State Bank of Indianapolis." It will be observed that the notice was not issued against or served upon the appellee as named in the assignment of errors. The "Citizens State Bank of Indianapolis" is a different party from the "Citizens State Bank of Indianapolis, Indiana, as Trustee." The assignment of errors and transcript was filed in this court October 16, 1934. No notice other than that above stated was ever attempted

to be given to this appellee; and under rule 36 of this court, where a case not appealed in term has been on the docket ninety days or more, and there is no appearance by appellee, and no steps taken to bring the appellee into court, or where a notice has been issued and proved ineffectual for any cause, and no steps have been taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, then the appeal should be dismissed.

Neither clause of this rule has been complied with, so far as the Citizens State Bank of Indianapolis, as trustee, in its fiduciary relation is concerned.

There was no notice of any kind issued against or served upon the "Citizens State Bank as Trustee under mortgage recorded in Mortgage Record 1037, at pages 536 and 537, of the records in the office of the Recorder of Marion County, Indiana," or upon "Citizens State Bank of Indianapolis, Indiana, as Trustee"; so, under the authorities of this state, for the reasons above stated, this appeal must be dismissed. *Rooker* v. *John Hancock Mutual Life Insurance Company et al.* (1934), 98 Ind. App. 478, 184 N. E. 306; *Bowman et al.* v. *Swartz Electric Company et al.* (1923), 80 Ind. App. 373, 141 N. E. 62; *Whisler* v. *Whisler et al.* (1903), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152.

For the reasons heretofore stated, the motion to dismiss the appeal is sustained, and the appeal is dismissed at the appellants' costs.