MILLER *v.* LAHR'S ESTATE.

[No. 15,622. Filed March 30, 1936.]

*George M. Eberhart,* for appellant.

*Garl Bonewitz* and *Lesh & Lesh,* for appellee.

CURTIS, C. J.—The record discloses that the decedent, George W. Lahr, died testate in Huntington County, Indiana, on August 3, 1933, and that by the terms of his will the sole beneficiary was Theodore Gephart, who was also named as the executor thereof. The will was admitted to probate on the 17th day of August, 1935. Following the probate of the will, the executor therein named filed his declination to serve and suggested the appointment of the appellee Fults who was thereupon by the clerk in vacation appointed administrator with the will annexed of said estate. Fults qualified by giving

bond and taking oath as required by law. After these proceedings were had and formal notice thereof had been duly given, the appellant filed her application for letters and also filed her objections to the confirmation of appellee's appointment as said administrator. Following the allegations of the appellant's said formal application there is a showing that the applicant is a creditor and also a sister of the decedent. The application concludes with a prayer that by virtue of the appellant being next of kin and being the largest creditor, the letters of administration theretofore issued to Frank E. Fultz should be set aside and declared null and void and letters issued to her. The petitioner's application was denied, and the said action of the clerk in appointing appellee Fults during vacation was approved and his letters confirmed. From the judgment denying the appellant's application and confirming the letters of said Frank E. Fults as administrator with the will annexed of the said estate the appellant herein brought this appeal.

Under a special appearance and with due notice served upon the appellant the appellee has filed a motion to dismiss this appeal based upon a defect in the assignment of errors. The facts stated in the motion are borne out by the record and disclose that the action in the trial court was against Frank E. Fults, administrator with the will annexed of the estate of George W. Lahr, deceased, and that he was a necessary and in fact the only real party to the judgment. In the assignment of error Frank E. Fults is named individually as Frank E. Fults, administrator. It has been many times held that such words as "administrator" alone after a name of a person in an assignment of error is descriptive only and does not serve to make the person a party in his representative capacity. See *Whisler* v. *Whisler et al.* (1904), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152; *Bender,*

*Admr.* v. *State of Indiana ex rel. Barnish* (1911), 176 Ind. 70, 95 N. E. 305; *Wolanski* v. *Mazgajczk* (1933), 97 Ind. App. 84, 185 N. E. 875; *Rooker* v. *John Hancock Mutual Insurance Co. et al.* (1934), 98 Ind. App. 478, 184 N. E. 306, and the cases therein cited. The appeal time passed before any attempt was made to obtain leave to correct the assignment of error. We have previously denied appellant's petition for leave to amend the assignment of error. The motion to dismiss is sustained and the appeal dismissed.