GREENWOOD LUMBER COMPANY *v.* ROBERTS ET AL.

[No. 16,903. Filed December 1, 1942.]

378

*Pell & Pell,* of Shelbyville, for appellant.

*James E. McDonald* and *Arthur T. Mayfield,* both of Indianapolis, for appellees.

STEVENSON, P. J.—On August 9, 1937, the Greenwood

Lumber Company, a corporation, filed a suit against John T. Roberts and Alva L. Roberts to quiet title to certain real estate located in the City of Indianapolis.

To this complaint the appellee Alva Taylor Roberts filed a petition to intervene, which was granted. The appellee, as intervenor, then filed an answer in general denial and also a cross-complaint. In this cross-complaint, the appellee Alva Taylor Roberts alleged that he purchased the real estate in question from one Ernest E. Whitaker and wife on the 18th day of January, 1932, and received a warranty deed therefor, and took possession of said premises and moved onto and occupied the same with his family, and has so lived and resided thereon continuously since said date. The cross-complaint further alleged that the Greenwood Lumber Company, as the original plaintiff, had purchased the real estate in question at a foreclosure and judicial sale made by the sheriff of Marion County on June 1, 1935. This foreclosure sale was the culmination of a judgment on many suits filed on the 23rd day of August, 1932, by a number of mechanics and materialmen who claimed mechanics' liens against said property. These suits were consolidated for trial and judgments were rendered in each case on January 4, 1933. One of these judgment plaintiffs was the Greenwood Lumber Company, a corporation, who purchased the real estate and obtained a sheriff's deed therefor. The appellee alleges that he was the owner and in actual possession of the real estate at the time the mechanics' liens were filed; that he was not named in said notices, nor was he made a party to the foreclosure proceedings; that all of said suits were filed more than six months after his purchase, occupancy and possession of the real estate; and that said judicial sale to the appellant was made more than three years after such purchase.

The appellee Alva Taylor Roberts accordingly asked that his title be quieted as against the Greenwood Lumber Company, a corporation, as plaintiff. The appellee's deed was not recorded, however, until January 12, 1933, fourteen days after the judgment of foreclosure was entered.

On the issues presented, the case was submitted to court for trial, and the court found for the appellees and adjudged that the "plaintiff" (Greenwood Lumber Co., a corporation) take nothing by its complaint. The court further found for the appellee Alva. Taylor Roberts on his cross-complaint, and entered a judgment quieting his title to the real estate in question. The court further found that the plaintiff, Greenwood Lumber Company, a corporation, *as trustee,* claimed an interest adverse to the cross-complaint, and that such claim was without right and unfounded, and that the Greenwood Lumber Company, a corporation, *as trustee,* should take nothing by its complaint.

A motion for new trial was filed by the Greenwood Lumber Company and overruled and this appeal has been perfected. The error assigned on appeal is the alleged error in overruling the motion for a new trial.

The appellant herein now contends that the court erred in entering a judgment in favor of all the appellees against the Greenwood Lumber Company *as trustee,* since the action was brought in the name of the Greenwood Lumber Company, a corporation, in its corporate capacity. This error is presented in support of the appellant's contention that the decision or finding of the court is not sustained by sufficient evidence. It will be noted, however, that in the finding of the court, the court merely finds for the appellees (defendants), and further finds "that the plaintiff should take nothing by its complaint." It is only in

the judgment of the court that the plaintiff, Greenwood Lumber Company, a corporation, is referred to as "trustee." It is apparent, therefore, that the error which the trial court made, if any, was made in the judgment entered by the court against the appellant *as trustee,* rather than in its findings. "The remedy against an erroneous judgment is a motion to modify the judgment and not a motion for a new trial." *Smith* v. *Hill* (1929), 200 Ind. 616, 622, 165 N. E. 911.

The converse of this situation is true with reference to the finding and judgment of the court on the issues raised by the cross-complainant, Alva Taylor Roberts, on the cross-complaint. On this issue the court further found that the claims of the plaintiff, "Greenwood Lumber Company, a corporation, as trustee" were unfounded. It was accordingly considered, adjudged, and decreed by the court that the cross-complainant, Alva Taylor Roberts, was the owner in fee simple of the real estate described and "that the plaintiff's claim thereto is without right and unfounded." In view of this record and in view of the pleadings upon which the issues submitted to the court were formed, this court is forced to treat the use of the word "trustee" in the court's findings and judgment as mere surplusage.

The complaint was brought in the name of "Greenwood Lumber Company, a corporation." The plaintiff was so designated in the cross-complaint of the appellee Alva Taylor Roberts. The plaintiff "Greenwood Lumber Company" files its motion for a new trial, and nowhere in all the pleadings, nor in the evidence as disclosed by the record, does there appear the names of the *cestui que trusts,* except as they are set out by the appellant herein in its assignment of errors. If this action were brought by the Greenwood

Lumber Company, a corporation, *as trustee,* for the parties named in the assignment of errors, the complaint should have disclosed the names of the *cestui que trusts* so that an issue, if necessary, might have been formed upon that allegation, and also that the *cestui que trusts* might have been bound by the judgment entered. *Marion Bond Co.* v. *Mexican Coffee & Rubber Co.* (1903), 160 Ind. 558, 65 N. E. 748.

The Greenwood Lumber Company, a corporation, is the only party who conducted this litigation as plaintiff in the court below. If the judgment were erroneous in that it found against the plaintiff in a fiduciary capacity, the Greenwood Lumber Company, a corporation, as such, should have presented this error on appeal. The Greenwood Lumber Company, a corporation, has not appealed, and it is clear to us that the Greenwood Lumber Company, a corporation, *as trustee* for the benefit of certain named companies and individuals as *cestui que trusts* cannot raise this question. The party to the litigation must appeal in the capacity in which it conducted the litigation and if the court has erroneously entered a judgment against one in a trust capacity who is litigating as an individual, the error must be presented by the individual, since he is not before the court in his trust capacity.

For these reasons, it is our opinion that the appellant, Greenwood Lumber Company, a corporation, *as trustee* for the persons and corporations named in the assignment of errors has no standing in this court and this appeal must be dismissed. *Cline* v. *McWhorter* (1935), 101 Ind. App. 178, 194 N. E. 775. Having reached this conclusion it is unnecessary to discuss the other questions which appellant attempts to present.

Appeal dismissed.

NOTE.—Reported in 44 N. E. (2d) 1002.