## LEMAICH *v.* CUBRA ET AL.

[No. 18,223. Filed February 28, 1952.]

*Stiles & Baylor,* of Gary, for appellant.

*John N. Stanton,* of East Chicago, for appellee. Milovan Cubra as an individual.

WILTROUT, P. J.—Appellant brought this action to contest a will. The demurrer to appellant's complaint, filed by the appellee Milovan Cubra as an individual, raised a question of defect of parties defendant. The demurrer was sustained, appellant refused to plead over, and judgment was accordingly rendered that she take nothing by her complaint.

This action was instituted under Burns' 1933, §7-504, which provides in part:

> "Any person may contest the validity of any will or resist the probate thereof . . . by filing in the court . . . his allegations in writing . . . and the executor and all other persons, beneficially interested therein shall be made defendants thereto."

That part of the caption and body of the complaint deemed necessary to an understanding of the question here presented reads:

> "Irene Williams Lemaich )
>            Plaintiff )
> vs. )
> Milovan Cubra and )
> Patricia Widis, )
>       Defendants )

> "Comes now the plaintiff in the above-entitled cause and complains of the defendants, and each of them, and says:
>     . . . . . .

> "2. That on the 15th day of November, 1947, a certain writing purported to be the last Will and Testament of Bozo Cubra . . . was admitted to probate . . . and letters were thereupon issued to the

defendant, Milovan Cubra, as executor of said purported Will, who thereupon qualified and is now acting as such executor.

"3. That, by the terms of said Will, the defendant, Milovan Cubra, is named as chief devisee and legatee of said Will. . . ."

It is the argument of appellant that by this complaint Milovan Cubra is made a defendant both as an individual and in his representative capacity. Appellee Cubra as an individual argues that he is made a party as an individual only.

"The character in which any one is made a party to an action is determined from the allegations in the complaint and not by the caption." *Watson* v. *Burnett* (1939), 216 Ind. 216, 23 N. E. 2d 420; *State ex rel. Young* v. *Niblack, Judge* (1951), 229 Ind. 596, 99 N. E. 2d 839; *Ditton* v. *Hart* (1911), 175 Ind. 181, 93 N. E. 961; *Williams, Administrator* v. *Dougherty* (1906), 37 Ind. App. 449, 77 N. E. 305; *Hitt* v. *Carr* (1922), 77 Ind. App. 488, 130 N. E. 1; *Cline* v. *McWhorter* (1935), 101 Ind. App. 178, 194 N. E. 775; *Lewis* v. *Joseph Hartley & Sons Co.* (1949), 119 Ind. App. 468, 83 N. E. 2d 438.

It is stated in 67 C. J. S., Parties, §100a, p. 1096, "The character in which one is made a party to a suit must be determined from the allegations of the pleadings, and not from its title alone. Where there is a wrong description or no description in the title, the error will be deemed merely formal." See also *Heinrich* v. *Ellis* (1943), 113 Ind. App. 478, 48 N. E. 2d 96.

"In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties; . . ." Burns' 1946 Replacement, §2-1048.

The allegations of the complaint show that Milovan Cubra was made a defendant both as executor and in

his individual capacity. It is true that it would have been better practice to have designated in the title of the complaint the capacities in which he was made a defendant, but this formal omission, in view of the allegations of the complaint, does not result in a defect of parties.

Judgment reversed with instructions to overrule the demurrer to the complaint.

NOTE.—Reported in 104 N. E. 2d 135.